**Ann C. SCHWEISS, Appellant,**

v.

**CHRYSLER MOTORS CORP., Appellee.**

**No. 89-2925.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1990.

Decided Dec. 31, 1990.

John A. Lally of St. Louis, Mo., for appellant.

Thomas F. Eagleton of St. Louis, Mo., for appellee.

Before BOWMAN, Circuit Judge, ROSS, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Ann Schweiss appeals from the order of the District Court dismissing her wrongful discharge suit against Chrysler Motors Corporation. We reverse and remand.

I.

Schweiss was employed by Chrysler Motors Corporation ("Chrysler") from January 1984 to February 1989. Shortly before her discharge, Schweiss contacted the Occupational Safety and Health Administration about alleged violations of law occurring at the assembly plant where she worked. On February 8, 1989, Chrysler fired Schweiss, allegedly for excessive absenteeism. On April 13, 1989, Schweiss filed suit in Missouri state court against Chrysler and her immediate supervisor Perry Sigwerth, alleging that she had been wrongfully discharged for being a "whistle blower," a discharge that under Missouri law is an actionable tort. Chrysler and Sigwerth removed the suit to federal court on the grounds that the claim presented a question of federal law, and that Sigwerth fraudulently had been joined to defeat diversity jurisdiction.

Schweiss moved to remand the case to state court, while Sigwerth filed a motion to dismiss and Chrysler filed a motion for summary judgment, claiming that Schweiss's state law wrongful discharge action is pre-empted under both section 11(c) of the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. § 660(c)

(1988), and section 301 of the Labor–Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185 (1988). The District Court denied Schweiss's motion, granted Sigwerth's motion, and denied Chrysler's motion as moot. The District Court held that Schweiss's state law wrongful discharge claim is pre-empted by section 11(c) of OSHA, and dismissed the case with prejudice. The court did not decide the section 301 pre-emption issue.

On appeal, Schweiss claims the District Court erred in ruling that her wrongful discharge claim against Chrysler is pre-empted by section 11(c) of OSHA.[1] She concedes that on remand it would be necessary for the District Court to address the question of pre-emption under section 301.

## II.

Although Missouri is an at-will employment state, *Dake v. Tuell*, 687 S.W.2d 191, 192–93 (Mo.1985) (en banc), it does recognize a public policy exception to this rule. "[W]here an employer has discharged an at-will employee because that employee refused to violate the law or ... because the employee reported ... to public authorities serious misconduct that constitutes violations of the law ... the employee has a cause of action in tort for damages for wrongful discharge." *Boyle v. Vista Eyewear, Inc.*, 700 S.W.2d 859, 878 (Mo.Ct. App.1985); *see also Loomstein v. Medicare Pharmacies, Inc.*, 750 S.W.2d 106, 112 (Mo. Ct.App.1988).

In her complaint, Schweiss alleges that she was discharged by Chrysler for reporting violations of federal law occurring at her place of employment to the Occupational Safety Health Administration. Joint Appendix at 8–9. She thus has alleged a cognizable claim based on Missouri law. The issue before us is whether this state law claim is pre-empted by federal law.

Pre-emption can occur in one of three ways: (1) federal law can expressly pre-empt state law; (2) federal law can occupy a field of law so completely that pre-emption may be inferred; or (3) federal law can

conflict with state law, thereby pre-empting it. *English v. General Elec. Co.*, —— U.S. ——, 110 S.Ct. 2270, 2275, 110 L.Ed.2d 65 (1990). The District Court did not hold that the OSHA legislation expressly pre-empts state law. Similarly, there is no claim that Congress intended to occupy this field of law in such a manner that pre-emption can be inferred. To the contrary, 29 U.S.C. § 667(a) expressly allows for state regulation in the occupational safety field of law. The District Court did hold, however, that "the ability of plaintiffs to pursue retaliatory discharge claims where available under state law [would] frustrate[ ] the remedial scheme provided for in [29 U.S.C.] § 660," *Schweiss v. Chrysler*, No. 89–943C(1), slip op. at 5 (E.D.Mo. Sept. 11, 1989), and thus such state law claims are pre-empted.

The decision of the District Court was issued on September 11, 1989. On June 4, 1990, the Supreme Court issued its ruling in *English v. General Electric*. That opinion dealt with the question of whether a state law tort claim is pre-empted by § 210 of the Energy Reorganization Act of 1974, 42 U.S.C. § 5851(a) (1988). That section states, in relevant part:

(a) No employer ... may discharge any employee ... because the employee ... (1) commenced ... a proceeding for the administration or enforcement of any requirement imposed under this chapter ...; (2) testified ... in any such proceeding; or (3) assisted ... in any manner in such a proceeding....

(b)(1) Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of subsection (a) of this section may, within thirty days after such violation occurs, file ... a complaint with the Secretary of Labor ... alleging such discharge or discrimination.... (2)(A) Upon receipt of a complaint under paragraph (1), the Secretary shall conduct an investigation.... Within thirty days of the receipt of such complaint the Secretary shall complete such investigation

---

**1.** Prior to oral argument, Schweiss dismissed her appeal as to Sigwerth.

and shall notify ... [the parties] of the results of the investigation....

42 U.S.C. § 5851. The section authorizes the Secretary to order the employer to "abate the violation" and to rehire the employee and pay him or her back pay. 42 U.S.C. § 5851(b)(2)(B). A party may appeal an order of the Secretary in the circuit court of appeals. 42 U.S.C. § 5851(c).

The Court observed that "[o]n its face, th[is] section does no more than grant a federal administrative remedy to employees in one industry against one type of employer discrimination—retaliation for whistle-blowing." *English*, 110 S.Ct. at 2279. The Court noted that "[o]rdinarily, the mere existence of a federal regulatory or enforcement scheme, even one as detailed as [42 U.S.C. § 5851], does not by itself imply pre-emption of state remedies." *English*, 110 S.Ct. at 2279. The Court held that the fact that the federal statute did not allow exemplary damages, while the state action did, was not sufficient to find pre-emption. "Absent some specific suggestion in the text or legislative history of [42 U.S.C. § 5851] ... we cannot conclude that Congress intended to pre-empt all state actions that permit the recovery of exemplary damages." *English*, 110 S.Ct. at 2280.

Nor did the Court find convincing the argument that the "expeditious time frames provided by Congress for the processing of ... claims" showed a conflict between the statute and the state action. *English*, 110 S.Ct. at 2280. The claim was made in *English* that "if a state-law remedy is available after the time for filing a [42 U.S.C. § 5851] claim has run," there will be less incentive to utilize the federal scheme. *English*, 110 S.Ct. at 2281. The Court rejected this argument, saying that they "do not believe that the problem is as great as respondent suggests." *Id.* "[W]e are not so sure as respondent seems to be that employees will forgo their [42 U.S.C. § 5851] options and rely solely on state remedies for retaliation. Such a prospect is simply too speculative a basis on which to rest a finding of pre-emption." *English*, 110 S.Ct. at 2281. The Court reiterated its

rule that "pre-emption is ordinarily not to be implied absent an 'actual conflict.'" *Id.* (citation omitted).

The statute at issue in the case at hand is similar in its relevant parts to the statute dealt with in *English*. 29 U.S.C. § 660(c) states that:

(1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or ... because of the exercise by such employee ... of any right afforded by this chapter.

(2) Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination. Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If ... the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate ... district court against such person.

The statute authorizes the district court to restrain violations of the statute and to order reinstatement and back pay. 29 U.S.C. § 660(c)(2). The Secretary of Labor has ninety days from the date of the complaint to notify the complainant of the results of his investigation. 29 U.S.C. § 660(c)(3).

Applying the principles of *English* to this statute, we hold that its remedial scheme does not pre-empt Schweiss's state law wrongful discharge action. The District Court found that the action was pre-empted for two reasons. First, the court held that the congressional intent to have retaliatory discharge complaints administratively screened before proceeding in federal court would be frustrated by allowing state wrongful discharge actions. Second, the court held that the goal of involving the Secretary in the resultant lawsuit would be impeded. However, there is no evidence that "employees will forgo their [statutory] options and rely solely on state remedies for retaliation." *English*, 110 S.Ct. at

2281. Thus, the rationale relied upon by the District Court is "too speculative a basis on which to rest a finding of pre-emption." *Id.*

Chrysler contends that the remedies provided by Congress conflict with the remedies allowed by the state law action, and thus the state law action should be pre-empted. This argument, as noted earlier, was expressly rejected by the Court in *English.* "We cannot conclude that Congress intended to pre-empt all state actions that permit the recovery of exemplary damages." *English,* 110 S.Ct. at 2280.[2]

As this case is indistinguishable from *English* in any material way, the decision of the District Court that Schweiss's claim is pre-empted by OSHA must be reversed.

### III.

Chrysler argues that even if Schweiss's wrongful discharge claim is not pre-empted by OSHA, it is pre-empted by section 301 of the LMRA, 29 U.S.C. § 185. As we have noted, the District Court did not address this issue. Although it is well-settled that we may affirm the District Court's decision on grounds not relied upon by the District Court, "(t)here are situations when we might not affirm on an available theory not addressed by the court below." *Brown v. St. Louis Police Dept.,* 691 F.2d 393, 396 (8th Cir.1982), *cert. denied,* 461 U.S. 908, 103 S.Ct. 1882, 76 L.Ed.2d 812 (1983). Such situations include those where there are factual questions still to be resolved or where we would benefit from having the District Court decide the issue in the first instance. *Reeder v. Kansas City Bd. of Police Comm'rs,* 733 F.2d 543, 548 (8th Cir.1984).

This is a situation where we would benefit from having the District Court decide the issue of LMRA pre-emption before we address it. In light of the Supreme Court's recent decision in *United Steelworkers of America v. Rawson,* — U.S. —, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990), the District Court should address the question of

whether Schweiss's claim is independent of the collective-bargaining agreement in effect between Chrysler and Schweiss's union. As we read *Rawson,* this will turn on, *inter alia,* whether Schweiss "can prove the elements of the [alleged] tort ... without relying on the ... collective-bargaining agreement." *Rawson,* 110 S.Ct. at 1914 (Kennedy, J., dissenting). On the other hand, if the duty alleged to have been violated by Chrysler "is created by a collective-bargaining agreement and without existence independent of the agreement," Schweiss's claim is pre-empted. *Rawson,* 110 S.Ct. at 1909. *See also Hanks v. General Motors Corp.,* 906 F.2d 341, 344 (8th Cir.1990).

### IV.

We reverse the order of the District Court dismissing Schweiss's claim and remand the case to the District Court for further proceedings consistent with this opinion.

---

**2.** Nothing in the text of the statute shows such an intent. Further, Chrysler does not point us to any suggestion in the legislative history of 42

U.S.C. § 660(c) that Congress intended to preempt state law actions that allow such relief.