782 F.Supp. 88 (1992)
Ann C. SCHWEISS, Plaintiff,
v.
CHRYSLER MOTORS CORPORATION, Defendant.
No. 89-0943C(6).
United States District Court, E.D. Missouri, E.D.
January 22, 1992.
*89 Thomas Casey, Casey & Meyerkord, St. Louis, Mo., for Schweiss.
Charles Newman, Thompson & Mitchell, St. Louis, Mo., for Chrysler.
John Moellering, Lewis & Rice, St. Louis, Mo., for Sigwerth.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendant's motion for summary judgment. Plaintiff filed this action in Missouri state court against her former employer, Chrysler Motors Corporation, seeking damages for her alleged wrongful discharge. She claimed that she began working for Chrysler on January 16, 1984, and was discharged on February 8, 1989, because four days earlier she had reported perceived health and safety violations of federal law at the work place to the Occupational Safety and Health Administration. Defendants removed the case to federal court.
Chrysler now argues that plaintiff failed to state a claim under state law and that, in any event, such a claim would be preempted by section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), and subject to dismissal for failure to fulfill the prerequisites to filing suit under that Act.[1] Chrysler asserts that plaintiff was discharged for excessive absenteeism in accordance with the collective bargaining agreement and submits supporting evidence.
In Schweiss v. Chrysler Motors Corp., 922 F.2d 473 (8th Cir.1990), the Eighth Circuit Court of Appeals, citing Boyle v. Vista Eyewear, Inc., 700 S.W.2d 859, 878 (Mo.Ct.App.1985), concluded that Missouri recognizes an action in tort for damages where an employer has discharged an employee because that employee reported to public authorities perceived violations of the law. Chrysler's argument, based on other Missouri Court of Appeals cases, that Missouri does not recognize such a claim is thus foreclosed. Furthermore, Chrysler's reliance on Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 663 (Mo.1988) (en banc), is misplaced. That case reaffirms Boyle when, *90 as here, the perceived violation of a statute or regulation is involved. This Court also rejects Chrysler's alternative argument that such a state law claim is only available to at-will employees.
Section 301 of the LMRA creates a federal cause of action for breach of a collective bargaining agreement. This provision preempts all state law claims which depend upon the meaning of a collective bargaining agreement; a state claim, however, which is independent of the collective bargaining agreement is not preempted. United Steelworkers of Am. v. Rawson, 495 U.S. 362, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990) (state wrongful death claim based on employer's negligent inspection of work place preempted because duty to inspect was assumed through collective bargaining agreement); Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) (state claim of retaliatory discharge for filing workers compensation claim not preempted because inquiry as to whether employer had nonretaliatory reason for discharge did not turn on interpretation of collective bargaining agreement); Hanks v. General Motors Corp., 859 F.2d 67, 69 (8th Cir.1988) (state claims of intentional infliction of emotional distress by requiring plaintiff to work with man who sexually abused her daughter not preempted because claims not derivative of any rights provided by collective bargaining agreement) (subsequent history omitted).
In Vincent v. Trend Western Tech. Corp., 828 F.2d 563 (9th Cir.1987), the Ninth Circuit applied these principles to a whistle blowing discharge claim and concluded that it was not preempted. The Court agrees with this analysis. Plaintiff's right to inform a federal agency of perceived violations of law at the work place without fear of reprisal is not derived from the collective bargaining agreement. Moreover, as in Lingle, plaintiff's allegation is one of retaliation, the primary consideration is Chrysler's motivation, an inquiry that may be determined without reference to the collective bargaining agreement. The Court concludes that plaintiff's discharge claim is sufficiently independent of the collective bargaining agreement to withstand the preemptive force of section 301.
In reply to plaintiff's response to the motion for summary judgment, Chrysler argues that even if plaintiff's claim is not preempted, it is entitled to judgment because plaintiff did not submit any evidence to counter Chrysler's evidence that plaintiff was discharged for absenteeism. Chrysler's evidence includes a copy of the collective bargaining agreement's Chronic Absenteeism Procedure which allows for the termination, under certain circumstances, of employees for absenteeism, and copies of employment records showing the procedure was followed in plaintiff's case beginning with a counselling session on June 27, 1988, following an absentee rate of 25.8% for the six-month period ending May 30, 1988. As Chrysler argues, plaintiff did not respond to this aspect of the summary judgment motion.
No cases have been cited which set forth the elements of a whistle blower wrongful discharge claim under Missouri law. The Court believes that Missouri courts would apply the well-established principles of discriminatory/retaliatory discharge claims: to prevail, an employee must establish that the employer's proffered legitimate reason for the discharge was a pretext. See Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1311 (6th Cir.1989) (burden shifting analysis of McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), appropriate for claim under Michigan whistle blower statute). The Court believes that plaintiff's failure to present any evidence to show that Chrysler's documented reason for her discharge was a pretext entitles Chrysler to summary judgment. See id. at 1314 (defendant in state whistle blower action entitled to summary judgment where plaintiff did not attempt to establish that defendant's proffered reason for demotion was pretextual); cf. Brousard-Norcross v. The Augustana College Assoc., 935 F.2d 974, 976 (8th Cir. 1991) (defendant in sex discrimination case entitled to summary judgment if defendant *91 produces evidence of legitimate nondiscriminatory reason for adverse employment action and plaintiff does not present evidence in form of specific facts showing proffered reason was pretext).
Accordingly, Chrysler's motion for summary judgment will be granted.
NOTES
[1] This Court previously granted Chrysler's motion to dismiss on the ground that plaintiff's claim was preempted by section 11(c) of the Occupational Safety and Health Act, 29 U.S.C. § 660(c). The Court of Appeals reversed and remanded for a determination of whether plaintiff's "whistle blowing" claim was preempted by section 301 of the LMRA. Schweiss v. Chrysler Motors Corp., 922 F.2d 473 (8th Cir.1990). Plaintiff dismissed her appeal as to her supervisor who had been named as a codefendant.