795 F.Supp. 294 (1992)
Ray P. KOSULANDICH, et al., Plaintiffs,
v.
SURVIVAL TECHNOLOGY, INC., Defendant.
No. 91-2421C(6).
United States District Court, E.D. Missouri., E.D.
August 5, 1992.
Charles R. Oldham, Louis Gilden, St. Louis, Mo., for plaintiffs.
Alan I. Berger, Partner, Terry L. Potter, Associate, McMahon and Berger, St. Louis, Mo., for defendant.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendant's motion to dismiss. Plaintiffs in this diversity action for wrongful discharge are three former probationary employees of defendant. Plaintiffs allege that they were discharged after defendant learned they had filed for state unemployment benefits when they were on layoff status. Plaintiffs *295 claim that their discharge was against state public policy; they seek actual and punitive damages.
Defendant argues that plaintiffs' action is subject to dismissal under Missouri law which provides that an at-will-employee cannot state a claim for wrongful discharge. Plaintiffs argue that Missouri recognizes a public policy exception to the employment-at-will doctrine and that their claim comes within that exception.
In a diversity action "it is the duty of the federal court to examine the state law and apply it as it anticipates the highest court of the state would." Dahlberg v. Harris, 916 F.2d 443, 445 (8th Cir.1990). "If the State's highest court has not ruled on an issue, intermediate appellate court decisions constitute the next best indicia of what state law is." Souder v. Owens-Corning Fiberglas Corp., 939 F.2d 647, 650 (8th Cir.1991).
In Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661 (Mo.1988) (en banc), the Missouri Supreme Court reaffirmed the employment-at-will doctrine under which an employer can discharge, for cause or without cause, an at-will employee "who does not otherwise fall within the protective reach of a contrary statutory provision." Id. at 662 (quoting Dake v. Tuell, 687 S.W.2d 191, 193 (Mo.1985) (en banc)). Specifically declining to engraft a "public policy" exception to the doctrine, the court noted that the doctrine would not apply where the plaintiff "had the benefit of a constitutional provision, a statute, or a regulation based on a statute." Id. at 663. As examples, the court cited two appellate cases where the plaintiff was discharged for refusing to violate a law, and one, Smith v. Arthur C. Baue Funeral Home, 370 S.W.2d 249 (Mo.1963), where the plaintiff was discharged for asserting his right under the state constitution to designate the union as his collective bargaining agent. The court concluded that the employment-at-will doctrine precluded the plaintiff's wrongful discharge action based on the allegation that she was discharged for absenteeism after she was absent to attend a deposition in a civil suit in which she was a party. Id.
The Court concludes that in the present case the Missouri Supreme Court would hold that plaintiffs' claims are precluded by the employment-at-will doctrine. The case does not involve discharges for refusing to violate a law or for "whistle blowing." Cf. Schweiss v. Chrysler Motors Corp., 922 F.2d 473 (8th Cir.1990) (Missouri recognizes exception to employment-at-will doctrine where employee was discharged for refusing to violate law or for reporting to public authorities violations of law by employer; Petersimes v. Crane Co., 835 S.W.2d 514 (Mo.App.1992) (exception applies to at-will employee discharged for refusing to violate federal statute)). The unemployment compensation statute, Mo.Rev.Stat. §§ 288.010 to .390, does not contain an anti-retaliation provision protecting individuals who file for benefits, as does, for example, the state's workers compensation act, § 287.780.
Nor are plaintiffs' claims saved by Smith v. Arthur C. Baue Funeral Home. The decision in that case turned on the fact that the state constitutional provision involved was "a declaration of a fundamental right of individuals.... [which] is self-executing to the extent that all provisions of the Bill of Rights are self-executing." 370 S.W.2d at 253. The holding is a narrow one  namely, that an employer's right to discharge an at-will employee at any time for any reason was modified by the constitutional provision granting employees the right to choose collective bargaining representatives. Id. at 254.
The Court thus concludes that plaintiffs have failed to state a claim under Missouri law.

ORDER
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED that defendant's motion to dismiss the complaint is granted.
*296 IT IS FURTHER ORDERED that defendants' motion to strike the claim for attorney's fees in denied as moot.