**Ann C. SCHWEISS, Appellant/Cross–Appellee,**

v.

**CHRYSLER MOTORS CORPORATION, Appellee/Cross–Appellant.**

**Nos. 92–2500, 92–2647.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1993.

Decided March 10, 1993.

John A. Lally, St. Louis, MO, argued (Thomas J. Casey and John A. Lally, on the brief), for appellant/cross-appellee.

Charles A. Newman, St. Louis, MO, argued (Charles A. Newman, Harry W. Wellford, Jr. and Ellen F. Cruickshank, on the brief), for appellee/cross-appellant.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Ann Schweiss worked for the Chrysler Motors Corporation from 1984 through early 1989, when she was discharged. The reason given for her discharge was chronic and excessive absenteeism. Ms. Schweiss sued Chrysler in state court in 1989, alleging that she had actually been fired because she had reported various health and safety violations to the federal Occupational Safety and Health Administration, and that her discharge was therefore tortious under state law. Chrysler removed the case to federal court.

On motion, the trial court held that Ms. Schweiss's suit was preempted by federal statutes relating to employee health and safety and that those statutes provided no private right of action. This court reversed the preemption holding on appeal and remanded for consideration of whether Ms. Schweiss's suit was preempted by federal labor law instead. *See Schweiss v. Chrysler Motors Corp.*, 922 F.2d 473 (8th Cir. 1990). On remand, after additional briefing, the trial court[1] held that the suit was not preempted by federal labor law but granted summary judgment to Chrysler nonetheless, ruling that Ms. Schweiss had failed to establish the existence of a genuine issue of material fact on the reason for her discharge. *See Schweiss v. Chrysler Motors Corp.*, 782 F.Supp. 88 (E.D.Mo. 1992). The trial court denied Ms. Schweiss's subsequent motion for reconsideration.

Ms. Schweiss appeals the trial court's grant of summary judgment to Chrysler. On cross-appeal, Chrysler challenges the trial court's holdings that Ms. Schweiss has stated a claim under state law and that the claim is not preempted by federal labor law. Because we agree with the trial court that Ms. Schweiss has failed to establish the existence of a genuine issue of material

fact as to why she was fired, we need not address the issues raised by Chrysler in its cross-appeal.

## I.

■ In considering this retaliation case, we adopt the principles we have applied to retaliation cases in other contexts and use the "three-stage framework," *Rath v. Selection Research, Inc.*, 978 F.2d 1087, 1089 (8th Cir.1992), applicable to discrimination cases in general. Under that construct, the plaintiff must initially establish a prima facie case of retaliation by showing participation in a protected activity, subsequent adverse action by the employer, and some evidence of a causal connection between the protected activity of the plaintiff and the subsequent adverse action by the employer. *See, e.g., id.* at 1090. The evidence necessary to support the allegation of a causal connection for a prima facie case may be circumstantial, *i.e.,* "proof that the discharge followed the protected activity so closely in time as to justify an inference of retaliatory motive." *Id.*

Once the plaintiff has established a prima facie case, "the employer must articulate a legitimate, nondiscriminatory [or nonretaliatory] reason for its actions. If the employer meets that burden, [the] plaintiff must prove that the proffered reason is pretextual." *Id.* at 1089–90. Pretext may be proved either "by persuading the court that a discriminatory [or retaliatory] reason more likely motivated the employer or ... by showing that the employer's proffered explanation is unworthy of credence." *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

■ Ms. Schweiss established a prima facie case through her affidavit stating that she reported perceived health and safety violations to the federal Occupational Safety and Health Administration, that she was subsequently fired, and that her firing occurred only four days after her reports to the federal agency. In its motion for summary judgment, however,

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

Chrysler offered affidavits from a labor relations representative and the safety administrator for the plant where Ms. Schweiss worked. The essence of those affidavits is that Ms. Schweiss had an absenteeism rate of 25.8 percent for the six-month period ending in May, 1988; that she never appealed the plant physician's determination that her absences during March, 1988, were includable in the calculation of her absenteeism rate; that she met with Chrysler and union representatives in June, 1988, about her absenteeism; that her absenteeism rate from month to month between July, 1988, and January, 1989, fluctuated between 28.9 percent and 41.6 percent; that she was given a letter in late January, 1989, warning her that her absenteeism rate had deteriorated to 37.6 percent in the six months between July and December, 1988; that the letter advised that she could be fired because of her absences; that she was notified on February 8, 1989, that she was fired because of her absenteeism; and that although Chrysler was aware that a complaint had been made to the federal Occupational Safety and Health Administration, Ms. Schweiss had not been identified at the time of her discharge as the person who had made the complaint.

The trial court found, and we agree, that Ms. Schweiss's affidavit is insufficient as a matter of law to create a genuine issue of material fact on the question of motive. She offers no evidence of retaliatory motive other than the timing of her firing, and she offers nothing to undermine the overwhelming evidence offered by Chrysler in support of a legitimate reason for her firing. Under these circumstances, the trial court was correct in holding that Chrysler was entitled to summary judgment. *See, e.g., Rath,* 978 F.2d at 1090; *see also Valdez v. Mercy Hospital,* 961 F.2d 1401, 1403 (8th Cir.1992).

## II.

For the reasons stated, we affirm the trial court's order granting summary judgment to Chrysler.