**Roy P. KOSULANDICH; William Dixon; and William Turpin,** Plaintiffs–Appellants,

v.

**SURVIVAL TECHNOLOGY, INC.,** Defendant–Appellee.

No. 92–2889.

United States Court of Appeals, Eighth Circuit.

Rehearing and Suggestion for Rehearing En Banc Denied Aug. 9, 1993.

Submitted Jan. 14, 1993.

Decided July 2, 1993.

**432**

Louis Gilden, St. Louis, MO, argued (Charles R. Oldham, on the brief), for plaintiffs-appellants.

Terry L. Potter, St. Louis, MO, argued, for defendant-appellee.

Before WOLLMAN and BEAM, Circuit Judges, and BOGUE,* Senior District Judge.

BOGUE, Senior District Judge.

Plaintiff–Appellants appeal the district court's [1] order dismissing their claims against their former employer, Survival Technology, Inc. for alleged wrongful discharge. 795

---

* The Hon. Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

F.Supp. 294. Because this Court is not in a position to expand the parameters of any exceptions to Missouri's employment at-will rule, we affirm.

Appellants are three former probationary employees of Survival Technology, Inc. who allege they were discharged after the company learned they had filed for unemployment benefits while they were on layoff status. As required by the law regarding motions to dismiss,[2] we treat this allegation as true.

Missouri law applies to this diversity action. Despite some erosion of the once nearly iron-clad rule, employment at-will is still generally the law in Missouri. "[A]n employer can discharge—for cause or without cause—an at-will employee who does not otherwise fall within the protective reach of a contrary statutory provision and still not be subject to liability for wrongful discharge." *Johnson v. McDonnell Douglas Corp.,* 745 S.W.2d 661, 662 (Mo.1988). Appellants in this case were clearly at-will employees, as they were probationary and not yet covered by the protections of any collective bargaining agreement.

The exception to Missouri's at-will employment rule has been succinctly stated by a Missouri appellate court:

> Missouri has carved out ... a narrow, public policy exception for wrongful discharge for an at-will employee who has the benefit of a constitutional provision, a statute, or a regulation based on a statute.... [S]pecifically, when an employer has a statutory, regulatory, or constitutional duty to refrain from discharging an employee for a specified reason, and the employer breaches that duty, the at-will employee may possess a cause of action for wrongful discharge under the public policy exception to the employment at-will doctrine.

*Luethans v. Washington Univ.,* 838 S.W.2d 117, 119–20 (Mo.Ct.App.1992) (citations omitted).

---

2. *See* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (1990).

■ Appellants argue that they have a statute on which to base their cause of action, namely Mo.Rev.Stat. § 288.020 (1992), which expresses a public policy favoring availability of unemployment benefits. Further, Missouri law voids purported waivers of the right to receive unemployment compensation, and forbids employers to accept such a waiver. Mo.Rev.Stat. § 288.380 (1992).[3] While these statutes express a strong policy favoring the availability of unemployment compensation, they simply do not rise to the level of proscription which would justify regarding them as an exception to at-will employment under applicable precedent. The kinds of laws which the Missouri courts treat as superseding employment at-will are those which directly forbid employers from taking retaliatory action. *See generally Luethans,* 838 S.W.2d at 118 (employee who stated a sustainable cause of action for wrongful discharge relied on federal regulations which forbade retaliation against employees for reporting employer violations—which is precisely what the employee had done). No law expressly forbids retaliation against employees who exercise their right to seek unemployment benefits.

Another helpful illustration was noted by the district court in its memorandum opinion, where it pointed out that "[t]he unemployment compensation statute, Mo.Rev.Stat. § 288.010 to .390, does not contain an anti-retaliation provision protecting individuals who file for benefits, as does, for example, the state's workers compensation act, § 287.-780." Memorandum Opinion at 3. Had the Missouri legislature wished to include a similar anti-retaliation provision in the unemployment compensation scheme, we must assume it would have done so.

It appears to this Court that the only line of Missouri cases where a claim for wrongful discharge may be stated in the absence of a specific non-retaliation law are those where an employee is terminated for his refusal to perform an illegal act or because he reported the employer's illegal acts. *See Petersimes v. Crane Co.,* 835 S.W.2d 514 (Mo.Ct.App. 1992). No such illegality is involved in the instant case.

■ Plaintiffs also attempt to raise constitutional claims on appeal. Defendant correctly points out that these issues were not addressed in the proceedings below. Notwithstanding the dubious validity of these claims, we will not address them head-on for the first time on appeal. *See Singleton v. Wulff,* 428 U.S. 106, 121–22, 96 S.Ct. 2868, 2877–78, 49 L.Ed.2d 826 (1976).

Based on the foregoing, this Court agrees with the district court that appellants have failed to state a claim for wrongful discharge under Missouri law.

Affirmed.

---

3. While appellants do not fully develop their argument regarding the non-waiver provision, they apparently assert that this law proscribes forcing an implicit waiver on employees. This contention is met by *Ising v. Barnes Hosp.,* 674 S.W.2d 623, 625 (Mo.Ct.App.1984), where the court said, "We find a substantial difference between a policy which voids a transaction and one which gives rise to an independent cause of action." In *Ising,* an employee was fired for refusing to execute a waiver of liability for the employer's administration of a polygraph test. The court upheld Ising's dismissal notwithstanding the fact that Missouri law apparently would have voided the waiver. The case currently under consideration similarly involves an alleged waiver which state law would void. Consistency with *Ising* dictates that the anti-waiver provision not be used as the predicate for the public policy exception urged by appellants.