831 F.Supp. 737 (1993)
Linda STEVENS, Plaintiff,
v.
ST. LOUIS UNIVERSITY MEDICAL CENTER, Defendant.
No. 91-01567C(6).
United States District Court, E.D. Missouri, E.D.
August 9, 1993.
*738 Mary Anne Sedey, P.C., Mary Anne Sedey, William E. Moench, St. Louis, MO, for plaintiff.
*739 Dennis Donnelly, Sabrina Wrenn, Bryan, Cave McPheeters & McRoberts, St. Louis, MO, for defendant.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendant's motions to dismiss, for summary judgment and to compel and plaintiff's motion to compel.
In this action brought pursuant to the Equal Pay Act, 29 U.S.C. §§ 206(d) and 215(a)(3), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Missouri Human Rights Act of 1986, Mo.Rev.Stat. §§ 213.010 et seq. and Missouri common law, plaintiff Linda Stevens alleges claims of sex discrimination. Her claims are based on allegations that she was subjected to a course of retaliatory conduct and wrongfully discharged in November of 1990 from her employment after she lodged complaints that she was paid less than a male employee in a comparable job.
Upon review of the documents on file, the Court finds the following undisputed facts. At the time of the alleged wrongful discharge, plaintiff was working as a clinical nurse in the Electrophysiology Lab (EPS Lab) at St. Louis University Medical Center. Another worker, Robert Roth, worked as a clinical nurse manager in the Cardiac Catheterization Lab (Cath Lab). In August of 1990 plaintiff filed a complaint with both the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC) alleging claims of sex discrimination based on allegations that she was paid less than Robert Roth for equal work of a comparable job. On April 30, 1991, the EEOC issued its determination finding no reasonable cause to believe that defendant discriminated against plaintiff on the basis of her sex. Upon her request the MCHR issued a right to sue letter on July 23, 1991.
Plaintiff filed a complaint with the EEOC and the MCHR on December 13, 1990 alleging that defendant terminated her in retaliation for the filing of her previous complaint. The MCHR and the EEOC issued right to sue letters in July of 1991 and plaintiff filed this action on July 29, 1991.
Defendant St. Louis University Medical Center is an acute care medical facility with Internal Medicine being one of the largest departments operating within the medical center. The Cardiology Division is one part of the Internal Medicine Department. Several labs and numerous research projects operate in the Cardiology Division. The EPS Lab, where plaintiff was employed, and the Cath Lab, where Roth works, operate as part of the Cardiology Division. The EPS Lab staff treats four hundred to five hundred patients annually by performing invasive intracardiac techniques for diagnosis and treatment of cardiac arrhythmias and implantations of pacemakers in patients at risk of sudden cardiac death. The Cath Lab staff treats approximately two thousand to two thousand five hundred patients annually by evaluating patients for coronary artery disease, valvular heart disease and cardiomyopathy.
Defendant has a formal job classification and compensation process. Levels assigned for clinical nursing positions are as follows: Grade 2, Staff Nurse; Grade 5, Clinical Nurse; Grade 7, Nurse Specialist; Grade 8, Clinical Nurse Supervisor; and Grade 9, Clinical Nurse Manager. Based upon skill, effort, responsibility and working conditions, defendant assigns jobs to particular classification levels as reflected in departmental documentation. The departmental documentation includes the general job responsibilities, the volume of procedures performed, the scope of supervisory responsibilities, the complexity of the position, the size of the budget managed and other factors.
Since 1982 plaintiff has worked as a clinical nurse in the EPS Lab supervising one registered nurse and one licensed practical nurse with an additional registered nurse added to her staff in May of 1990. She remained classified as a Grade 5, Clinical Nurse.
After working in the Academic Research Division since January of 1973, defendant promoted Roth to supervisor of the Cath Lab in 1977 and reclassified him in 1984 as Clinical Nurse Manager, a Grade 9 level, the highest classification level for nurses in the *740 Cardiac Division. In his position, Roth supervises all clinical and technical staff in the Cath Lab and supervised plaintiff during part of her time she worked in the Cath Lab. The clinical and technical staff is comprised of eight registered nurses, three licensed practical nurses and three technicians. Included in his responsibilities as supervisor of the clinical staff are designating daily and weekly assignments, setting up call schedules, performing staff evaluations, coordinating in-services and reviewing and maintaining quality assurance programs. He also prepares the annual Cath Lab budget and purchases capital equipment and consumable supplies. As a manager, he has the authority to make hiring and firing decisions.
In defendant's motion to dismiss or, in the alternative, to strike portions of plaintiff's amended complaint, defendant seeks to dismiss plaintiff's amended complaint or to strike plaintiff's jury trial demand and demand for compensatory and/or punitive damages. The Eighth Circuit Court of Appeals has ruled that the 1991 Amendments do not apply retroactively to conduct occurring prior to the date on which the 1991 Amendments became effective. Hicks v. Brown Group, Inc., 982 F.2d 295 (8th Cir.1992) (en banc), petition for cert. filed March 23, 1993; Fray v. Omaha World Herald Co., 960 F.2d 1370 (8th Cir.1992).
The conduct of which plaintiff complains occurred prior to the enactment of The Civil Rights Act of 1991 which was signed into law on November 21, 1991. Those portions of the Civil Rights Act of 1991 which provide for a jury trial under Title VII and for recovery for compensatory or punitive damages are, therefore, not applicable here. Accordingly, the Court concludes that defendant's motion to dismiss or, in the alternative, to strike portions of plaintiff's amended complaint will be granted only insofar as defendant seeks to strike the demand for compensatory and punitive damages as well as the demand for a trial by jury of her Title VII claims. Defendant's alternative motion to dismiss the amended complaint will be denied.
Defendant has moved for summary judgment and offers exhibits, affidavits, plaintiff's answers to interrogatories and deposition excerpts in support. In opposition to defendant's motion, plaintiff offers her affidavit, exhibits and deposition excerpts.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); First Sec. Sav. v. Kansas Bankers Sur. Co., 849 F.2d 345, 349 (8th Cir.1988). In passing on a motion for summary judgment, a court is required to view the facts and inferences that reasonably may be derived therefrom in the light most favorable to the non-moving party. Holloway v. Lockhart, 813 F.2d 874, 876 (8th Cir.1987). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 392 (8th Cir.1986). As the Supreme Court has stated:
The inquiry performed is the threshold inquiry of determining whether there is the need for a trial  whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).
Defendant moves for summary judgment in Counts I and II on grounds that the evidence in the record demonstrates as a matter of law that plaintiff cannot prove that her position is comparable or substantially equal to that of Robert Roth to whom she compares herself. Defendant therefore contends that plaintiff cannot prove an essential element of her Equal Pay Act and Title VII claims. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (complete failure of proof concerning essential element of non-moving party's case necessarily renders all other facts immaterial and moving party is entitled to judgment as a matter of law). In this case *741 plaintiff raises claims of unequal pay for equal work on the basis of sex and the standards are the same whether plaintiff proceeds under Title VII or the Equal Pay Act. E.E.O.C. v. Delight Wholesale Co., 973 F.2d 664, 669 (8th Cir.1992). Thus, the issue presented here is whether the record, when viewed in the light most favorable to plaintiff, shows that there is no genuine issue of material fact as to an essential element of her claims. Id.
The Equal Pay Act, 29 U.S.C. § 206(d), prohibits an employer from discriminating
between employees on the basis of sex by paying wages to employees ... at a rate less than the rate at which he pays wages to employees of the opposite sex ... for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions....
29 U.S.C. § 206(d).
Plaintiff's claim pursuant to the Equal Pay Act requires proof by a preponderance of the evidence that an employer has paid workers of one sex more than workers of the opposite sex for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions. Katz v. School Dist., 557 F.2d 153, 156 (8th Cir.1977); Christopher v. Iowa, 559 F.2d 1135, 1138 n. 14 (8th Cir.1977); Orahood v. Board of Trustees, 645 F.2d 651, 654 (8th Cir.1981). Once a plaintiff establishes a prima facie case, the burden shifts to the employer to prove by a preponderance of the evidence that disparity in pay is justified by at least one of the four express statutory exceptions, the proof of which authorizes an employer to differentiate in pay between the sexes. Ritter v. Mount St. Mary's College, 814 F.2d 986, 993 (4th Cir.), cert. denied, 484 U.S. 913, 108 S.Ct. 260, 98 L.Ed.2d 217 (1987). The four exceptions outlined in the Act are as follows: (1) a seniority system; (2) a merit system; (3) a system that measures earnings by quantity or quality of production; or (4) a differential based on any factor other than sex. 29 U.S.C. § 206(d)(1).
The Equal Pay Act does not mandate that the jobs be identical; rather, it requires that they be substantially equal. Horner v. Mary Institute, 613 F.2d 706, 713 (8th Cir.1980). Consideration of equal pay standards is based upon actual job requirements and performance, not on job classifications or titles. Id. at 714.
The evidence on the record before the Court demonstrates that the job duties required of and actually performed by the plaintiff as a Grade 5 Clinical Nurse were not substantially equal to the job duties required of a Grade 9 Clinical Nurse Manager and that plaintiff did not perform work that required skill, effort and responsibility equal to that of the latter position. In support, the Court notes that Roth had seven years more supervisory experience than plaintiff, he exercised substantially greater responsibility over a larger laboratory and staff, and he had greater responsibilities.
With respect to plaintiff's wrongful discharge and whistle blower claims, the Court concludes that defendant's motion for summary judgment must be granted.
In Schweiss v. Chrysler Motors Corp., 922 F.2d 473 (8th Cir.1990), the Eighth Circuit Court of Appeals, citing Boyle v. Vista Eyewear, Inc., 700 S.W.2d 859, 878 (Mo.Ct.App.1985), concluded that Missouri recognizes an action in tort for damages where an employer has discharged an employee because that employee reported to public authorities perceived violations of the law. No cases have been cited which set forth the elements of a whistle blower discharge claim under Missouri law. The Court believes as stated by this Court in the Schweiss case "that Missouri courts would apply the well-established principles of discriminatory/retaliatory discharge claims: to prevail, an employee must establish that the employer's proffered legitimate reason for the discharge was a pretext." Schweiss v. Chrysler Motors Corp., 782 F.Supp. 88, 90 (E.D.Mo.1992), aff'd, 987 F.2d 548 (8th Cir. 1993) (citing Booker v. Brown, Williamson Tobacco Co., 879 F.2d 1304, 1311 (6th Cir. 1989)) (burden shifting analysis of McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), appropriate for *742 claim under Michigan whistle blower statute). The Court concludes that plaintiff's failure to present any evidence to show that defendant's documented reason for her discharge was a pretext entitles defendant to summary judgment. See Brousard-Norcross v. Augustana College Assoc., 935 F.2d 974, 976 (8th Cir.1991) (defendant in sex discrimination case entitled to summary judgment if defendant produces evidence of legitimate non-discriminatory reason for adverse employment action and plaintiff does not present evidence in form of specific facts showing proffered reason was pretext).
The Court believes that plaintiff's wrongful discharge claim does not fall within the narrow parameters of the public policy exception for wrongful discharge for an at-will employee as created in Missouri case law. See Petersimes v. Crane Co., 835 S.W.2d 514 (Mo.Ct.App.1992); Luethans v. Washington Univ., 838 S.W.2d 117 (Mo.Ct.App.1992).
An at-will employee "can be discharged for cause or without cause and the employer will not be liable for wrongful discharge unless the employee falls within the protective reach of a contrary statutory provision." Petersimes v. Crane Co., 835 S.W.2d at 515 (citing Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo.1988) (en banc)). Plaintiff is clearly an at-will employee inasmuch as she did not have a contract for a definite period of time.
In the absence of a specific non-retaliation law, a claim for wrongful discharge may be stated only where an employee is terminated for his refusal to perform an illegal act or because he reported the employer's illegal acts. Id. at 516-17. No such illegality is alleged in this case before the Court. The Eighth Circuit Court of Appeals noted how that Court is not in the position to expand the parameters of any exceptions to Missouri's employment at-will rule and this Court must also follow the law of Missouri. Kosulandich v. Survival Technology, Inc., 997 F.2d 431 (8th Cir.1993). Accordingly, the Court will grant defendant's motion for summary judgment as directed to Count IV.

ORDER AND JUDGMENT
Pursuant to the memorandum filed on this date and incorporated herein,
IT IS HEREBY ORDERED that defendant's motion to dismiss or, in the alternative, to strike portions of plaintiff's amended complaint shall be and it is granted so that the portions of plaintiff's amended complaint seeking compensatory and punitive damages as well as a trial by jury of her Title VII claims shall be stricken.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant's motion for summary judgment shall be and it is granted.
IT IS FURTHER ORDERED that plaintiff's motion to compel shall be and it is denied as moot.
IT IS FURTHER ORDERED that defendant's motion to compel shall be and it is denied as moot.
IT IS FURTHER ORDERED that all other pending motions shall be and they are denied as moot.