# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3185
_____

Gregory Houston Holt, also known as Abdul Maalik Muhammad

*Plaintiff - Appellant*

v.

Ray Hobbs, Director, Arkansas Department of Correction; Gaylon Lay, Warden, Cummins Unit, ADC; D W Tate, Captain, Cummins Unit, Arkansas Department of Correction; V. R. Robertson, Major, Cummins Unit, Arkansas Department of Correction; M. Richardson, Sgt., Cummins Unit, Arkansas Department of Correction; Larry May, Chief Deputy Director, Arkansas Department of Correction

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff
_____

Submitted: June 6, 2013
Filed: June 12, 2013
[Unpublished]
_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

In this action challenging the Arkansas Department of Correction (ADC) grooming policy under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a)(1)-(2), inmate Gregory Holt (also known as Abdul Maalik Muhammad) appeals the district court's[1] order dismissing his action after an evidentiary hearing.

In his complaint and motion for a preliminary injunction and temporary restraining order, Mr. Holt asserted that one of his fundamentalist Muslim beliefs was that he must grow a beard, but defendants substantially burdened his ability to practice his religion by enforcing ADC's grooming policy, which allowed trimmed mustaches but otherwise no facial hair, with quarter-inch beards permitted only for a diagnosed dermatological problem. Mr. Holt sought permission to maintain a half-inch beard as a compromise position, to balance his religious beliefs with ADC's security needs. The district court initially granted temporary injunctive relief. The court vacated its order and dismissed the complaint, however, after the hearing produced evidence that Mr. Holt had a prayer rug and a list of distributors of Islamic material, he was allowed to correspond with a religious advisor, and he was allowed to maintain the required diet and observe religious holidays; that the grooming policy helped prevent inmates from concealing contraband, drugs, or weapons; that an inmate who grew a beard could change his appearance quickly by shaving; that affording special privileges to an individual inmate could result in his being targeted by other inmates; and that prison officials believed the grooming policy was necessary to further ADC's interest in prison security.

Following careful review, see Johnson v. Bi-State Justice Ctr., 12 F.3d 133, 135 (8th Cir. 1993) (where judgment is granted after evidentiary hearing, standard is

---

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas.

whether evidence presents sufficient disagreement to require submission to jury or is so one-sided that one party must prevail), we conclude that defendants met their burden under RLUIPA of establishing that ADC's grooming policy was the least restrictive means of furthering a compelling penological interest, see Fegans v. Norris, 537 F.3d 897, 903 (8th Cir. 2008) (absent substantial evidence in record indicating that response of prison officials to security concerns is exaggerated, courts should ordinarily defer to their expert judgment in such matters), notwithstanding Mr. Holt's citation to cases indicating that prisons in other jurisdictions have been able to meet their security needs while allowing inmates to maintain facial hair, see id. at 905 (although prison policies from other jurisdictions provide some evidence as to feasibility of implementing less restrictive means of achieving prison safety and security, it does not outweigh deference owed to expert judgment of prison officials who are more familiar with their own institutions).

Accordingly, we affirm, but we modify the judgment to reflect that the dismissal does not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

_____