# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3687
_____

Khadara-Ayan Yousuf

*Plaintiff - Appellant*

v.

Fairview Health Services, doing business as University of Minnesota Medical Center, Fairview

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 4, 2015
Filed: June 18, 2015
[Unpublished]

_____

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Khadara-Ayan Yousuf appeals the district court's adverse grant of summary judgment in her action asserting discrimination claims against her former employer, Fairview Health Services (FHS), under Title VII and 42 U.S.C. § 1981. Yousuf, a Muslim woman of Somali national origin, claimed that FHS discriminated against her

on the basis of her national origin, race, sex, pregnancy, and religion, when it terminated her employment for purportedly failing to return from a leave of absence. For the following reasons, we affirm in part, vacate in part, and remand for further proceedings.

We review the district court's grant of summary judgment de novo. See Elam v. Regions Fin. Corp., 601 F.3d 873, 877 (8th Cir. 2010) (standard of review). As to Yousuf's claims that FHS discriminated against her based on her national origin, race, and religion, we agree with the district court that there was no genuine issue of material fact and FHS was entitled to judgment as a matter of law. We therefore affirm the grant of summary judgment as to these claims.

We conclude, however, that the district court erred in granting summary judgment on Yousuf's inter-related claims of discrimination based on her pregnancy and her sex. Despite Yousuf's assertions that FHS had assumed she was pregnant, the district court relied solely on her failure to present evidence showing that FHS was aware of her pregnancy, and thus deduced that she could not show FHS discriminated against her on the basis of her pregnancy or her sex. The district court failed to recognize, however, that Title VII, as amended by the Pregnancy Discrimination Act, also prohibits an employer from discriminating against a woman because of her capacity to become pregnant. See Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW v. Johnson Controls, Inc., 499 U.S. 187, 206-07, 211 (1991); cf. Walsh v. Nat'l Computer Sys., Inc., 332 F.3d 1150, 1160 (8th Cir. 2003) (upholding jury verdict for plaintiff "discriminated against . . . because she is a woman who had been pregnant, had taken a maternity leave, and might become pregnant again"; potential pregnancy is medical condition that is sex-related because only women can become pregnant). Therefore, we partially vacate the district court's grant of summary judgment, and we remand this case to the district court to consider in the first instance whether the summary judgment record presented sufficient evidence from which a reasonable inference could be drawn that FHS

discriminated against Yousuf based on her capacity to become pregnant. <u>See</u> <u>Schweiss v. Chrysler Motors Corp.</u>, 922 F.2d 473, 476 (8th Cir. 1990) (noting benefit of having district court address issue in first instance); <u>cf.</u> <u>Scott v. Benson</u>, 742 F.3d 335, 340-41 (8th Cir. 2014) (vacating summary judgment decision and remanding for further proceedings).

Accordingly, we affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

_____