# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3677

_____

Larry Wayne Jones

*Plaintiff - Appellant*

v.

Curtis Meinzer, Assistant Warden, Varner Supermax, ADC; James Banks,
Warden, Varner Unit, ADC; Larry D. May, Chief Deputy Director, Arkansas
Department of Correction; Wendy Kelley, Director, Arkansas Department of
Correction; Benny Magness, Chairman, Arkansas Board of Correction; Mary
Parker, Vice Chairman, Arkansas Board of Correction; Ken Jones, Member,
Arkansas Board of Correction; Drew Baker, Member, Arkansas Board of
Correction; Alonza Jiles, Member, Arkansas Board of Correction; Bobby Glover,
Member, Arkansas Board of Correction; Janis Walmsley, Secretary, Arkansas
Board of Correction; John Felts, Member, Arkansas Board of Correction; Tyronne
Broomfield, Member, Arkansas Board of Correction

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: July 23, 2015
Filed: July 28, 2015
[Published]

_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

In 2012, Arkansas inmate Larry Jones initiated the instant action raising a challenge under the Religious Land Use and Institutionalized Persons Act to the Arkansas Department of Correction's (ADC's) grooming policy, and seeking injunctive relief. The district court granted summary judgment for defendants, relying on this court's decision in Holt v. Hobbs, 509 Fed. Appx. 561 (8th Cir. June 12, 2013) (unpublished per curiam). While the instant appeal was pending, the Supreme Court granted certiorari in Holt, and reversed, holding that ADC's grooming policy substantially burdened the plaintiff inmate's exercise of religion. See Holt v. Hobbs, 135 S. Ct. 853 (Jan. 20, 2015). Following the Supreme Court's decision, we granted appellees' motion to supplement the record on appeal with ADC's new grooming policy, effective February 6, 2015.

Consistent with our prior order denying appellees' motion to dismiss this appeal as moot, we conclude once again--in response to the renewed mootness arguments in appellees' appeal brief--that Jones's appeal has not been plainly mooted by the new grooming policy. Cf. Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013) (appeal should be dismissed as moot when, by virtue of intervening event, court of appeals cannot grant "any effectual relief whatever" in favor of appellant). We decline to reach the merits of this appeal, however, and will remand this matter to the district court to consider Jones's complaint in light of the new grooming policy and the Supreme Court's decision in Holt. See Schweiss v. Chrysler Motors Corp., 922 F.2d 473, 476 (8th Cir. 1990) (noting benefit of having district court address issue in first instance).

Accordingly, we vacate the judgment of the district court, and remand (1) for consideration of whether Jones is entitled to relief under Holt, (2) for a ruling on his request to amend his complaint to add new claims for injunctive relief, and (3) for consideration of appellees' previously raised argument below that one or more of

Jones's existing claims for injunctive relief are barred under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).