**Mark T. McCLOSKEY,
Plaintiff–Appellant,**

v.

**Thomas F. EAGLETON, et al.,
Defendants–Respondents.**

No. 57541.

Missouri Court of Appeals,
Eastern District,
Division One.

May 9, 1990.

David Richard Herndon, St. Louis and Mark T. McCloskey, Wood River, Ill., for plaintiff-appellant.

Eugene K. Buckley, St. Louis, for defendants-respondents.

GARY M. GAERTNER, Presiding Judge.

Appellant, Mark T. McCloskey, appeals from the dismissal with prejudice of his first amended petition for failure to state a cause of action. The sole issue presented for our review is whether an at-will employee may maintain an action for wrongful discharge based on the open courts provision of the Missouri Constitution. Mo. CONST. art. I, § 14.

Appellant was hired on May 15, 1986, as an associate attorney with the law firm of Thompson and Mitchell, respondents herein. According to a letter which was sent to appellant immediately before he began his employment with respondent, any legal business appellant generated would have to be approved by respondent's law firm or a partner thereof. It has been conceded that the letter did not constitute a contract for employment but was merely indicative of the respondent's policies regarding new cases.

Sometime prior to November 18, 1987, appellant negotiated to purchase certain real estate. As a result of certain unspecified problems involving this transaction, appellant filed suit for fraud against another law firm, a real estate agent, a bank and others. This suit was filed on November 18, 1987, in appellant's own name, *pro se*, and did not mention or implicate the law firm of Thompson and Mitchell in any way. Upon learning of appellant's pending lawsuit, respondent discharged appellant on November 19, 1987. Appellant was not employed pursuant to a contract for a definite period of time.

Appellant then filed suit against respondents for wrongful discharge based on the alleged violation of appellant's constitutional right of access to the courts. Appellant claims that respondents' actions were an attempt to penalize him for the exercise of his constitutional right to seek relief in a court of law. Appellant's claim is a novel one but, for the following reasons, we decline to accept it.

■ Employees who do not have a contract for a definite period of time are considered "employees-at-will." *Amaan v. City of Eureka,* 615 S.W.2d 414, 415 (Mo. banc 1981), cert. den., 454 U.S. 1084, 102 S.Ct. 642, 70 L.Ed.2d 619 (1981). An at-will employee can be discharged for cause or without cause and the employer will not be liable for wrongful discharge unless the employee falls within the protective reach of a contrary statutory provision. *Johnson v. McDonnell Douglas,* 745 S.W.2d 661, 662 (Mo. banc 1988).

The protective reach anticipated by this doctrine has been expanded by judicial fiat and/or statutory limitations on the employer's ability to discharge at-will employees. See *Parnar v. Americana Hotels, Inc.,* 65 Haw. 370, 652 P.2d 625 (1982); *Petermann v. International Brotherhood of Teamsters,* 174 Cal.App.2d 184, 344 P.2d 25 (1959); *Clanton v. Cain–Sloan Company,* 677 S.W.2d 441 (Tenn.1984); *Fortune v. National Cash Register Co.,* 373 Mass. 96, 364 N.E.2d 1251 (1977); and *Monge v. Beebe Rubber Co.,* 114 N.H. 130, 316 A.2d 549 (1974). In the case of *Frampton v.*

*Central Indiana Gas Company,* 260 Ind. 249, 297 N.E.2d 425 (1973), an at-will employee was fired because she filed a claim under Indiana's workers' compensation laws. The Supreme Court of Indiana noted that specific language in Indiana's workers' compensation laws prohibited an employer from using any "device" to escape from its obligations under the statute. *Id.* at 427–28; IND.CODE § 22–3–2–15 (1971). The court found that discharging an employee on the basis of the employee's statutory claim would be such a device and would be contrary to public policy. *Frampton,* 297 N.E.2d at 428. See also *Clanton,* 677 S.W.2d at 445.

Missouri's Worker's Compensation statute contains a specific provision which provides an employee with a civil cause of action for a discharge which is exclusively the result of the employee's assertion of his rights under the statute. RSMo § 287.780 (1986); *Hansome v. Northwestern Cooperage Co.,* 679 S.W.2d 273, 275 (Mo. banc 1984).

An employer's ability to discharge an at-will employee has also been restricted judicially. The New Hampshire Supreme Court in *Monge v. Beebe Rubber Co.,* 114 N.H. 130, 316 A.2d 549 (1974), held that a discharge of an at-will employee which was motivated by malice constituted a breach of the employment contract and was, therefore, actionable. *Id.* 316 A.2d at 552. See also *Fortune v. National Cash Register,* 373 Mass. 96, 364 N.E.2d 1251, 1255–57 (1977).

The Supreme Court of Hawaii held that an action for wrongful discharge could be maintained in tort where the discharge violated a clear mandate of public policy. *Parnar v. Americana Hotels, Inc.,* 65 Haw. 370, 652 P.2d 625, 631 (1982). A "clear mandate of public policy" was defined as conduct by an employer which "contravenes the letter or purpose of a constitutional, statutory or regulatory provision or scheme." *Id.*

The Missouri Supreme Court, however, has rejected the public policy exception to the employment-at-will doctrine. In *Johnson v. McDonnell Douglas Corp.,* 745

S.W.2d 661 (Mo. banc 1988), plaintiff was discharged because she attended a deposition regarding a lawsuit in which she was a party. *Id.* at 662. While holding that there was no public policy exception in Missouri, the court indicated that an at-will employee may possess a cause of action for wrongful discharge where the employer's action is violative of a statute, regulation based on a statute or a constitutional provision. *Id.* at 663.

Appellant in the case at bar alleged that his discharge was in violation of Missouri's open courts provision, Article I, Section 14 of the Missouri Constitution. This provision states:

> That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay.

This provision has been interpreted many times as not being designed to create rights, but only allowing a person claiming rights "access to the courts when such a person has a legitimate claim recognized by the law." *Simpson v. Kilcher,* 749 S.W.2d 386, 389 (Mo. banc 1988). The Missouri Supreme Court, in a 1939 decision in which the plaintiff died before his cause of action for loss of consortium came to trial and, hence, did not survive him, stated: "We do not believe [Article I, Section 14], of the constitution was intended to create, *of its own vigor,* any new rights or remedies.... We think it was designed to protect the citizen in the use of the courts to enforce such rights and remedies as were recognized by the law at the time of its adoption and as might thereafter be created by law." *State ex rel. National Refining Co. v. Seehorn,* 344 Mo. 547, 127 S.W.2d 418, 424 (1939) (Emphasis added).

■ Applying the above reasoning to the present case, Article I, Section 14 would avail appellant if and only if he had a legitimate, recognizable claim against respondents. This constitutional provision does not, by itself, provide this claim. While there is no Missouri case directly on point, the Supreme Court of Florida was faced with a situation akin to the case at bar in *DeMarco v. Publix Super Markets, Inc.,* 384 So.2d 1253 (Fla.1980). In *DeMarco,* the plaintiff, on behalf of his minor daughter, sued his employer, a supermarket, for injuries that his daughter received after a soda bottle exploded while she was inside the supermarket. The plaintiff, an at-will employee, was then discharged by the employer. He sued for wrongful discharge and asserted that his employer's action was violative of Florida's open courts provision.[1] The Supreme Court of Florida, incorporating the opinion of the Florida appellate court, stated that there "is no civil cause of action for the interference with the exercise of one's right under Article I, Section 21 of the Florida Constitution." *DeMarco v. Publix Super Markets, Inc.,* 360 So.2d 134, 136 (Fla.Dist.Ct. App.1978). Both the appellate district and the Supreme Court noted that Mr. DeMarco's suit on behalf of his daughter was still pending, indicating that he was not unconstitutionally being denied access to the Florida courts. *DeMarco,* 360 So.2d at 136; *DeMarco,* 384 So.2d at 1254.

Appellant herein has also attempted to base his wrongful discharge action solely on Missouri's open courts provision. However, since appellant does not otherwise advance a cause of action under a recognizable exception to the employment-at-will doctrine, this constitutional provision is not implicated. Appellant's petition for fraud was indeed pending at the time of the trial court's dismissal of his wrongful discharge action, evidencing the fact that he had not been denied access to our courts.

The judgment of the Circuit Court is affirmed.

REINHARD and CRIST, JJ., concur.

---

**1.** Article I, Section 21 of the Florida Constitution states that: "The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."