Joseph ROTHWEIL, Plaintiff/Appellant,

v.

WETTERAU, INC.,
Defendant/Respondent.

No. 59576.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 22, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 4, 1991.

Application to Transfer Denied
Jan. 28, 1992.

R. Greg Bailey, St. Louis, for plaintiff-appellant.

Robert W. Stewart, Kevin J. Lorenz, St. Louis, for defendant-respondent.

GRIMM, Presiding Judge.

Plaintiff/employee's petition alleged he was alcohol and drug dependent, and that defendant/employer discriminated against him when it terminated his employment. In count one of his two count petition, he alleged employer violated Chapter 213,* Missouri's human rights law. In count two, he alleged wrongful discharge. The trial court sustained employer's motion to dismiss for failure to state a cause of action.

On appeal, employee alleges the trial court erred in dismissing his petition. He contends his addiction to drugs is a "handicap," as that term is defined in § 213.-010(8), and his discharge was an unlawful employment practice. We disagree and affirm.

I.

A motion to dismiss concedes the truth of all facts well pleaded in the petition. All such facts are assumed true and the averments are given a liberal interpretation. *Hester v. Barnett,* 723 S.W.2d 544, 549 (Mo.App.W.D.1987). Utilizing this standard, we review the petition and judgment.

In his petition, employee alleges he had worked for employer since 1964 as a perishable warehouse supervisor. He had been cited for excellence in his work. However, "[d]uring the course of his life and his employment with [employer], [employee] ... became progressively addicted and dependent upon alcohol and marijuana."

On September 25, 1989, employer conducted random drug tests of its employees, including employee. Employee submitted a urine specimen. The next day, employee met with employer and confessed his dependence on marijuana and asked for rehabilitation. Employer refused his request for rehabilitation, but told employee he would be allowed to resign.

A few days later, employee "sought professional help for his alcohol and marijuana dependence." On October 5, employer told employee his urine specimen had tested positive. Plaintiff refused to resign and employer terminated his employment.

* All statutory references are to RSMo 1986, unless otherwise indicated.

## II.

█ In his first point, employee claims the trial court erred in dismissing his handicap discrimination claim. Employee claims that his dismissal for drug use violated § 213.055, which prohibits discharging an individual on the basis of a handicap.

Section 213.010(8) defines handicap as "a physical or mental impairment which substantially limits one or more of a person's major life activities, or a condition perceived as such, which with or without reasonable accommodation does not interfere with performing the job...."

The federal Equal Opportunity for Individuals with Disabilities Act of 1990 is similar to Missouri law in that it prohibits an employer from discriminating on the basis of a disability. 42 U.S.C.A. § 12112 (Supp. 1991). It explicitly excludes from protection, an employee "who is currently engaging in the illegal use of drugs...." 42 U.S.C.A. § 12114(a) (Supp.1991).

In contrast, Missouri's human rights law does not explicitly exclude current illegal drug users from its protection. Nevertheless, we find, based on public policy and as a matter of law, that the term "handicap" does not include self-inflicted addiction to illegal drugs.

The General Assembly has declared the possession, control, and distribution of marijuana to be illegal. §§ 195.017, 195.202, 195.211, RSMo (Cum.Supp.1990). In spite of this, employee asks that we interpret Missouri's human rights law to afford him protection when he violated the law by using illegal drugs. Such an interpretation would be inimical to the General Assembly's express intent to punish those who illegally use marijuana.

Here, employee's petition alleges that during the course of his life and his employment, he became progressively addicted and dependent on alcohol and marijuana. Further, the petition states he (1) "confessed his dependence upon marijuana to employer," (2) sought "help for his alcohol and marijuana dependance," and (3) was "evaluated and diagnosed [by a physician] as chemically dependent." These allegations preclude a finding that employee had a "handicap" within the meaning of chapter 213. Point denied.

## III.

█ In employee's second point, he alleges that the court erred in dismissing his claim of wrongful discharge. He claims that the revised drug testing and rehabilitation policy that employer issued was a unilateral contract between employer and its employees.

"Under Missouri's employment at will doctrine an employer can discharge—for cause or without cause—an at will employee who does not otherwise fall within the protective reach of a contrary statutory provision and still not be subject to liability for wrongful discharge." *Dake v. Tuell,* 687 S.W.2d 191, 193 (Mo. banc 1985). To state a claim for wrongful discharge, an employee at will must plead "the essential elements of a valid contract." *Id.* at 193. These elements include offer, acceptance, and bargained for consideration. *Johnson v. McDonnell Douglas Corp.,* 745 S.W.2d 661, 662 (Mo. banc 1988). None of these elements are present in this case.

Employee also asserts that his claim is an exception to the employee at will doctrine, because it is based on Missouri's human rights law. However, as stated above, employee's self-inflicted addiction to illegal drugs does not fall within the meaning of that law.

█ In addition, employee contends he has stated a cause of action under "the public policy exception to the employee at will doctrine." In cases where the public policy exception has been applied, the employee had the benefit of a constitutional provision, a statute, or a regulation based on a statute. *Id.* at 663. Those cases generally involved employees fired for (1) declining to violate a statute, (2) reporting violations of the law by employers or fellow employees, or (3) for asserting a legal right. *See Boyle v. Vista Eyewear, Inc.,* 700 S.W.2d 859, 872–875 (Mo.App. W.D.1985).

Employee's petition does not plead any conduct which falls into any of the catego-

ries which have been previously recognized as protected by the public policy exception. Furthermore, none of the statutes he relies upon create a right for him to use illegal drugs, nor do they impose a duty on an employer to refrain from firing an employee with a self-inflicted addiction to illegal drugs. Employee's second point is denied.

Employee's third point, relating to his request for a jury trial, is moot.

The trial court's judgment is affirmed.

SATZ and CRANDALL, JJ., concur.