Tod **LUETHANS**, Plaintiff–Appellant,

v.

**WASHINGTON UNIVERSITY,**
**Defendant–Respondent.**

No. 61127.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 18, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 23, 1992.

Application to Transfer Denied
Oct. 27, 1992.

Mary Anne Sedey, William E. Moench, Kenneth H. Gibert, St. Louis, for plaintiff-appellant.

Thomas C. Walsh, Larry M. Bauer, Jay L. Kanzler, Jr., St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

Tod Luethans, (hereinafter plaintiff), appeals from the circuit court's order dismissing his case for failure to state a claim upon which relief can be granted. For reversal, plaintiff contends that as an at-will employee he stated a cause of action for wrongful discharge under Missouri's public policy exception to the employment at-will doctrine, when he pleaded that he was retaliated against and discharged because he performed a regulatory protected activity, i.e., reporting violations of a statute. We agree, and for reasons stated hereinafter, reverse and remand.

Plaintiff, a licensed veterinarian, filed an original petition for wrongful discharge against Washington University, (hereinafter defendant). On September 5, 1991, plaintiff submitted his first amended petition alleging that he commenced employment as a veterinarian with defendant in September, 1984, and continued his employment until July 5, 1989, at which time defendant discharged him. According to plaintiff's assertions, he was discharged in retaliation for his reporting defendant's infractions of the Animal Welfare Act, 7 U.S.C. § 2143 (1988), (hereinafter AWA). Furthermore, plaintiff cited federal regulations based on the AWA which create a non-retaliation requirement for reporting violations: "No facility employee ... or laboratory personnel shall be discriminated against or be subject to any reprisal for reporting violations of any regulation or standards under the Act...." 9 C.F.R. § 2.32(c)(4) (1992). Plaintiff ultimately pleaded that defendant retaliated against and wrongfully discharged him in violation

of the regulatory provision forbidding retaliation for reporting violations of the AWA.

On October 15, 1990, defendant filed its only answer. Defendant denied all allegations except to admit that plaintiff commenced employment with defendant in September, 1984, and that plaintiff continued his employment with defendant until July 5, 1989. The answer did not question plaintiff's status as an at-will employee.

Our decision relies, in part, on the careful review of this case's motion history. On June 25, 1991, defendant moved to dismiss plaintiff's petition for failure to state a claim upon which relief can be granted. Thereafter, plaintiff produced his first amended petition for wrongful discharge. In response, defendant submitted a motion to dismiss plaintiff's first amended petition, or in the alternative, for summary judgment, on September 16, 1991, along with a supporting memo. Attached to this memo were seven unsigned letters addressed to plaintiff, which defendant contended established plaintiff's status as a contract employee. These annual letters purport to confirm plaintiff's salary and reappointment without tenure as an "associate veterinarian" with defendant for a specified term. In a separately submitted affidavit, defendant's attorney averred that the seven letters were true and accurate copies of employment contracts entered into between plaintiff and defendant. Although this affidavit was file-stamped "September 16, 1991" (the same day as the second motion to dismiss), it was not entered on the docket sheet until October 15, 1991, fourteen days after the trial court sustained defendant's motion to dismiss. Plaintiff states on appeal that he was not aware of the affidavit's existence until it appeared on the docket sheet, because defendant never served plaintiff the affidavit. The record shows that no certificate of service to plaintiff was attached to the affidavit.

The trial court ordered defendant's motion to dismiss sustained on October 1, 1991. The judge did not proffer the reasoning of his decision.

When reviewing the dismissal of a petition for failure to state a claim upon which relief can be granted, we take note of our liberal pleading principles. *See Hanrahan v. Nashua Corp.*, 752 S.W.2d 878, 882 (Mo. App.1988). We must determine "if the facts pleaded and reasonable inferences drawn therefrom, viewed in the light most favorable to the pleader, demonstrate any basis for relief." *B.L. Jet Sales, Inc. v. Alton Packaging*, 724 S.W.2d 669, 671 (Mo. App.1987).

In reviewing the trial court's dismissal of appellants' petition for failure to state a claim ... the sole issue to be decided is, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to appellants, whether the averments invoke principles of substantive law entitling appellants to relief. [citation omitted]. Thus a pleading will not be adjudged insufficient if the allegations of the petition, accorded a reasonable and fair intendment, state a claim which can call for the invocation of principles of substantive law which may entitle the plaintiff to relief.

*Inman v. Reorganized School Dist. No. II of Hayti*, 814 S.W.2d 671, 673 (Mo.App. 1991) (quoting *Erslon v. Vee–Jay Cement Contr. Co.*, 728 S.W.2d 711, 712 (Mo.App. 1987)). Applying the standard of review, we draw the reasonable inference from the petition that plaintiff was employed *at-will*, and nothing in the pleadings challenges this inference.

 Missouri recognizes a public policy exception for wrongful discharge to the employment at-will doctrine. In general, the employment at-will doctrine states that "an employer can discharge—for cause or without cause—an at-will employee ... and still not be subject to liability for wrongful discharge." *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 662 (Mo. banc 1988) (quoting *Dake v. Tuell*, 687 S.W.2d 191, 193 (Mo. banc 1985)). However, Missouri has carved-out of the doctrine a narrow, public policy exception for wrongful

discharge for an at-will employee [1] who has the "benefit of a constitutional provision, a statute, or a regulation based on a statute." *Id.* at 663; *e.g., accord, Duncan v. Creve Coeur Fire Protection Dist.,* 802 S.W.2d 205, 206 (Mo.App.1991). Within the scope of the public policy exception, an at-will employee may state a claim when an employer's act of discharging the at-will employee is violative of a statute, regulation based on a statute, or a constitutional provision. *McCloskey v. Eagleton,* 789 S.W.2d 518, 520 (Mo.App.1990). More specifically, when an employer has a statutory, regulatory, or constitutional duty to refrain from discharging an employee for a specified reason, and the employer breaches that duty, the at-will employee may possess a cause of action for wrongful discharge under the public policy exception to the employment at-will doctrine. *See Rothweil v. Wetterau, Inc.,* 820 S.W.2d 557, 560 (Mo. App.1991).

▪ Applying the law to the pleaded facts in this case, we find that plaintiff sufficiently alleged a cause of action. In construing the petitions, we conclude that plaintiff was employed at-will. We also accept as true plaintiff's allegation that he was discharged for reporting defendant's violations of the AWA. Decidedly, plaintiff also had the benefit of the regulatory provision based on the AWA which creates a duty on an employer to refrain from retaliating against an employee for reporting violations of any regulation or standards under the act. 9 C.F.R. § 2.32(c)(4) (1992). Plaintiff satisfactorily pleaded that he was employed at-will and that defendant's act of discharging him violated a regulation based on a statute. Hence, plaintiff stated a cause of action for wrongful discharge under Missouri's public policy exception to the employment at-will doctrine.

▪ The above analysis notwithstanding, defendant urges this court to consider defendant's affidavit and to affirm the dis-

missal on grounds that plaintiff was a contract employee. Defendant argues that the seven letters and affidavit rebut the inference from the pleadings that plaintiff was employed at-will. If established by the affidavit as a contract employee, plaintiff cannot state a claim under the public policy exception to the employment at-will doctrine. *See McFliker,* 662 F.Supp. at 924–925. For reasons stated hereinafter, however, we refuse to consider the defendant's letters and affidavit, and assume the trial court did the same.

▪ First, we do not review defendant's affidavit because in determining whether a petition states a claim upon which relief can be granted we consider only the well pleaded facts of the petition. *State v. Church of God,* 247 S.W.2d 542, 545 (Mo. App.1952). The issues raised are limited to objections as they appear on the face of the pleadings. *Reorganized School Dist. No. II of Hayti,* 814 S.W.2d at 672–673. Even though under § 509.290 RSMo (1986) a motion to dismiss for any of the therein stated objections may be supplied by an affidavit accompanying the motion, § 509.300 RSMo (1986) provides that objections must appear on the face of the pleadings when the petition is attacked for *failure to state a claim upon which relief can be granted,* and can be raised only when appearing on the face of the pleadings. *State v. Shultz,* 243 S.W.2d 808, 810–811 (Mo.App.1951).

▪ Second, contrary to defendant's assertion, this court cannot consider the affidavit by treating defendant's motion to dismiss as a motion for summary judgment pursuant to Supreme Court Rule 55.27(a).

Before a trial court may treat a motion to dismiss as one for summary judgment, when matters outside the pleadings are presented and not excluded, it must first notify the parties that it is treating the motion as one for summary judgment and give the parties opportunity to pres-

1. "Employees who do not have a contract for a definite period of time are considered 'employees-at-will.'" *McCloskey v. Eagleton,* 789 S.W.2d 518, 519 (Mo.Mo.1990). Missouri does not recognize the public policy exception to the employment at-will doctrine for contract employ-

ees. Rather, Missouri case law only allows the exception for at-will employment relationships. *Komm v. McFliker,* 662 F.Supp. 924, 924–925 (W.D.Mo.1987); *See also, e.g., Smith v. Baue,* 370 S.W.2d 249, 252 (Mo.1963) (recognizing the public policy exception for an at-will employee).

ent all material pertinent to a motion for summary judgment. Rule 55.27(a). [citation omitted]. The record fails to disclose that the trial court complied with the foregoing procedure before it treated the motion as one for summary judgment and accordingly it had no right to do so. *Counts v. Morrison–Knudsen, Inc.*, 663 S.W.2d 357, 363 (Mo.App.1983) (quoting *Gramlich v. Travelers Ins. Co.*, 640 S.W.2d 180, 183[1] (Mo.App.1982)); *Accord Lee v. Osage Ridge Winery*, 727 S.W.2d 218, 224 (Mo.App.1987). In the case at bar, the record also fails to show that the trial court complied with the foregoing procedures. Nowhere does the record indicate that notice to both parties was given, or that an opportunity was provided for plaintiff to present all material pertinent to a motion for summary judgment. Although matters outside the pleadings, i.e., the affidavit, were before the trial court, nothing in the record suggests that the trial court considered anything other than the pleadings when it ruled on the motion to dismiss. *McMullin v. Community Sav. Service*, 762 S.W.2d 462, 464 n. 2 (Mo.App.1988). In addition, we note that the trial court denominated its order a "motion to dismiss," and not a "motion for summary judgment."

Finally, the affidavit should be ignored because defendant failed to show service of it upon the opposing attorney. Missouri's procedural rules provide for service to be made and shown by "acknowledgment of receipt or by affidavit or by written certificate of counsel making such service." Rule 43.01. Plaintiff claims that he was never served the affidavit attesting to the letters, and that he did not know of its existence until it appeared on the legal docket on October 15, 1991. No certificate of service was attached to the affidavit, and we can find no evidence that the required service was ever made.

In sum, the affidavit alleging plaintiff as a contractual employee is not properly reviewable as urged by defendant for three reasons: 1) on a motion to dismiss for failure to state a claim the trial court considers only the face of the pleadings; 2) defendant's motion to dismiss cannot properly be treated as a motion for summary judgment; and 3) no evidence exists to show that the defendant served the affidavit on opposing counsel.

Consequently, we hold, as the pleadings exist, that the plaintiff stated a cause of action. Upon remand, discovery may determine facts which should sustain a summary judgment. Accordingly, we reverse the trial court's order to dismiss and remand for further proceedings.

STEPHAN and CRIST, JJ., concur.