In re IRIS C. BROWN TRUST, Plaintiff,

Catherine I. WARD, Appellant,

v.

Terry SHEDDRICK, Individually and as Trustee for the Iris C. Brown Trust, Respondent.

No. WD 48842.

Missouri Court of Appeals, Western District.

April 12, 1994.

---

6. Central Bank's request for attorney's fees in-      curred defending this appeal is denied.

[black bars]

Theodore M. Kranitz, St. Joseph, for appellant.

George Scott Murray, II, St. Joseph, for Terry Sheddrick, individually.

James H. Counts, St. Joseph, for Terry Sheddrick, as Trustee of Iris Brown Trust.

Before SMART, P.J., and LOWENSTEIN and FENNER, JJ.

FENNER, Judge.

Appellant, Catherine I. Ward, appeals the judgment of the trial court dismissing her Petition for Declaratory Judgment and to Recover Assets, Petition for Security, and Petition to Remove Trustee, against Respondent, Terry Sheddrick, individually and as trustee of the Iris C. Brown Trust.

Ms. Ward filed her petition herein on October 6, 1993, alleging that she is the sole income beneficiary of the testamentary trust established by the will of Iris C. Brown. Terry Sheddrick is the trustee of said trust and is alleged to be liable in his representative capacity as well as his individual capacity separate from the trust. The petition alleged that at the time of her death, Iris Brown was the sole owner of a checking account at the Citizens State Bank of Maryville, Missouri, account # 7003044, with a balance at the time of her death in excess of $31,000.

Ms. Ward alleged in her petition that Terry Sheddrick had authority to sign checks and draw upon account # 7003044 for the benefit of Iris Brown during her lifetime and that at the time of her death the funds became subject to the Iris C. Brown Trust of which Ms. Ward was the income beneficiary. Ms. Ward further alleged that Sheddrick failed to pay the funds into the trust and withdrew the funds for his own personal use.

Ms. Ward sought a declaration that the trust was entitled to the funds.

Ms. Ward further alleged that, for the reasons stated above, Sheddrick had a conflict of interest and was not acting in the best interest of the trust. Ms. Ward sought to have a trustee ad litem appointed, to have Sheddrick removed as trustee, or, alternatively, to have security posted pursuant to section 456.140.[1]

Sheddrick filed Motions To Dismiss, both in his individual capacity and as trustee, which motions were sustained by the trial court.[2]

The trial court sua sponte entered Findings of Fact and Conclusions of Law.[3] In its Conclusions of Law, the court found as follows:

1. That the Court concludes as a matter of law that vehicle used by Petitioner in her Petition alleging violation of fiduciary duty, fraud, and other theories of recovery under Chapter 456 generally, and, 456.480 and 456.630 RSMO specifically, are the wrong or improper vehicles or theories of recovery to be pursued by Petitioner in this Petition For Declaratory Judgment which concerns alleged transactions arising from the disputed bank account [# 7003044] that took place at a time during the administration of the probate estate under Chapter 473 RSMO (Final Settlement May 12, 1991; Discharge Order May 20, 1991), and not during the administration of the testamentary trust under Chapter 456 RSMO;

2. Notwithstanding the Court's conclusion of law number one, the Court further finds that the statutes of limitations previously cited bars Petitioner from bringing this cause of action.

The trial court then ordered that Sheddrick's "Motions To Dismiss For Failure To State A Cause Of Action are hereby sustained."

---

1. All statutory references are to RSMo 1986.

2. The Motion To Dismiss also included an alternative Motion to Quash Ward's Request for Change of Venue and Request for Jury Trial. The court deemed these matters moot given its dismissal of the Petition.

3. Actually, the Findings were entitled "Proposed Findings of Fact, Conclusions of Law and Order." We assume the designation as proposed was an oversight.

The issue presented in this appeal is whether the trial court erred in granting Sheddrick's Motions to Dismiss. In this regard, Ward argues that the trial court erred by dismissing her petition because it was not barred by any applicable statute of limitations.

In reviewing the dismissal of a petition, the pleading is allowed its broadest intendment, all facts alleged are treated as true, and all allegations are construed favorably to the plaintiff. *Martin v. Crowley, Wade & Milstead, Inc.,* 702 S.W.2d 57, 57 (Mo. banc 1985). Furthermore, bar of a statute of limitations is an affirmative defense and when a petition does not show on its face that it is barred by limitations, a motion to dismiss should not be sustained. *Lehnig v. Bornhop,* 859 S.W.2d 271, 272 (Mo. App.1993).

Sheddrick's arguments in defense require a finding that the trial court was entitled to treat the motion to dismiss as a motion for summary judgment. The record does not allow such latitude.

A motion to dismiss can only be treated as a motion for summary judgment, pursuant to Rule 55.27(a), and matters outside the pleadings considered, when the parties are first notified by the court that it is treating the motion as one for summary judgment, and the parties then afforded the opportunity to present all material pertinent to a motion for summary judgment. *Luethans v. Washington University,* 838 S.W.2d 117, 120–21 (Mo.App.1992) (citations omitted).

Although Sheddrick filed an affidavit and Ward a counter affidavit, the record does not reflect that the trial court notified the parties, prior to its order, that it was treating the motions to dismiss as motions for summary judgment. Accordingly, the trial court failed to give the parties the opportunity to present all material pertinent to a motion for summary judgment.[4]

We find that the trial court erred by dismissing the petition as being barred by the statute of limitations.

However, since the trial court also found that the petition failed to state a cause of action, we must determine if the judgment was proper on that basis. As referenced above, in its order the trial court found that the petition failed to state a cause of action because the "vehicle used by Petitioner in her Petition alleging violation of fiduciary duty, fraud, and other theories of recovery under Chapter 456 generally, and, 456.480 and 456.630 RSMO specifically, are the wrong or improper vehicles or theories of recovery to be pursued by Petitioner in this Petition For Declaratory Judgment which concerns alleged transactions arising from the disputed bank account [# 7003044] that took place at a time during the administration of the probate estate under Chapter 473 RSMO (Final Settlement May 12, 1991; Discharge Order May 20, 1991), and not during the administration of the testamentary trust under Chapter 456 RSMO; ..."

It appears from the statement of the trial court that the court determined the alleged misapplication of funds from account # 7003044 took place during the administration of the probate estate of Iris Brown, and not during the administration of the trust estate. The trial court further determined that there had been a final discharge in the probate estate which the court apparently felt was determinative and binding on the parties in regard to ownership of the disputed account. This may very well be the case, but the petition herein does not so reflect.

In determining whether a petition states a claim upon which relief can be granted, we consider only the well pleaded facts of the petition. *Luethans v. Washington Uni-*

---

4. In support of "dismissal," Sheddrick cites to records from the probate estate of Iris Brown and discusses a conference between "Catherine Ward and her representatives and Terry Sheddrick and his representatives" in the summer of 1990 at the law offices of Jerold Drake. The matters discussed at said conference were the subject of the affidavits presented to the trial court. Sheddrick also attaches to his brief on appeal a copy of what he purports to be the signature card signed by Iris Brown which Sheddrick argues establishes that the account in question was a joint account with right of survivorship. None of these matters are appropriate for consideration on a motion to dismiss.

*versity,* 838 S.W.2d at 120. Affidavits and extraneous matters are not considered in that the issues raised are limited to objections as they appear on the face of the pleadings. *Id.*

Furthermore, as stated above, a motion to dismiss can only be treated as a motion for summary judgment pursuant to Rule 55.-27(a), and matters outside the pleadings considered, when the parties are first notified by the court that it is treating the motion as one for summary judgment and the parties then afforded the opportunity to present all material pertinent to a motion for summary judgment. *Id.* at 120–21.

In the case at bar, the court stated in its Order that it took judicial notice of the Probate Estate of Iris Brown. However, the record does not reflect that the parties were given notice and an opportunity to present all matters pertinent to the court considering matters outside the pleadings prior to the entry of the trial court's order. Therefore, once again in dismissing for failure to state a claim, the trial court was not entitled to treat Sheddrick's motions to dismiss as motions for summary judgment.

For the reasons stated herein, the judgment of the trial court is reversed and this cause remanded for further proceedings.[5]

All concur.

---

**5.** Since the judgment of the trial court is reversed and this cause remanded for the reasons stated herein, it is not necessary to address appellant's additional points on appeal.