**Thomas H. EGAN, Appellant,**

v.

**WELLS FARGO ALARM SERVICES, also known as Baker Protective Services, Inc., Appellee.**

No. 93–2963.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1994.

Decided May 11, 1994.

Clyde E. Craig, St. Louis, MO, (argued), for appellant.

Thomas M. Hanna, St. Louis, MO, (argued), for appellee.

Before BOWMAN, Circuit Judge, BRIGHT and ROSS, Senior Circuit Judges.

BRIGHT, Senior Circuit Judge.

Thomas H. Egan, a former employee of Wells Fargo Alarm Services, brought this action for damages, reinstatement and other relief alleging that Wells Fargo, although authorized to terminate Egan for excessive absence under his union collective bargaining agreement, actually discharged him in retaliation for whistle blowing activity in violation of Missouri's public policy exception to the at-will employment doctrine.[1]

The district court[2] summarily rejected Egan's complaint, determining that as a matter of law Egan worked as a contract employee under a union collective bargaining agreement, and that therefore he could not claim protection from the public policy exception, which applies only to at-will employees.

---

1. Missouri's at-will employment doctrine provides that "an employer can discharge for cause or without cause an at-will employee who does not otherwise fall within the protective reach of a contrary statutory provision." *Boyle v. Vista Eyewear, Inc.*, 700 S.W.2d 859, 870–71 (Mo.Ct.App. 1985) (internal citation omitted). *Boyle*, however, recognized a narrow exception to the at-will doctrine in cases where an employee is discharged for complying with, or for refusing an employer's request not to comply with, a clearly established public policy emanating from state or federal law. The *Boyle* court concluded:

> [W]here an employer has discharged an at-will employee because that employee refused to violate the law or any well established and clear mandate of public policy as expressed in the constitution, statutes and regulations promulgated pursuant to statute, or because the employee reported to his superiors or to public

authorities serious misconduct that constitutes violations of the law and of such well established and clearly mandated public policy, the employee has a cause of action in tort for damages for wrongful discharge.

*Id.* at 878.

Several courts interpreting Missouri law have followed *Boyle* in recognizing the existence of a public policy exception to the at-will doctrine, *see, e.g., Petersimes v. Crane Co.*, 835 S.W.2d 514, 516 (Mo.Ct.App.1992); *Link v. K–Mart Corp.*, 689 F.Supp. 982, 984 (W.D.Mo.1988), although the Missouri Supreme Court has yet to adopt the public policy exception.

2. The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

Egan appeals from the district court's grant of summary judgment dismissing the action. We affirm.

## I. BACKGROUND

Egan brought this wrongful discharge claim asserting that Wells Fargo, a government contractor, terminated him because he reported to company management, and then to the FBI, instances of Wells Fargo's non-compliance with the Drug–Free Workplace Act. 41 U.S.C. § 701 *et seq.* (1988).

In an unpublished memorandum opinion, the district court related these undisputed facts: that the terms of the collective bargaining agreement between Wells Fargo and Local Union No. 1, International Brotherhood of Electrical Workers, AFL–CIO, governed Egan's employment; that under the collective bargaining agreement absence from work for more than twelve months breaks an employee's seniority and such break is the equivalent of termination; and that Egan absented himself from work for a period in excess of twelve months.

The district court granted Wells Fargo's Motion for Summary Judgment on the grounds that Egan possessed no valid state law claim. The district court determined (1) that Egan did not qualify as an at-will employee because of his coverage under the union contract, and (2) that the Missouri public policy exception does not apply to contract employees, citing *Komm v. McFliker*, 662 F.Supp. 924, 924–25 (W.D.Mo.1987) and *Luethans v. Washington University*, 838 S.W.2d 117, 120 (Mo.Ct.App.1992) (dictum).

## II. DISCUSSION

■ We review a grant of summary judgment *de novo*, applying the same standard used by the district court. *Rafos v. Outboard Marine Corp.*, 1 F.3d 707, 708 (8th Cir.1993). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.;* Fed. R.Civ.P. 56(c).

■ Egan concedes at the outset that under Missouri law, contract employees—those employed for a "definite term" and who can-

not be discharged without just cause—have no state law cause of action for wrongful discharge. *See Komm*, 662 F.Supp. at 924–25 (Missouri public policy exception limited to at-will employment relationships); *Luethans*, 838 S.W.2d at 120 n. 1 (same). Thus, the sole issue in this case is whether Egan was a contract employee or an employee-at-will. Although resolving this issue compels us to examine Egan's status under the provisions of the collective bargaining agreement between Wells Fargo and Egan's union, we agree with the appellee that Egan's preemption arguments are irrelevant. Egan asserts a cause of action under state law; he can only maintain that action if he is an at-will employee.

■ Egan contends that he served as an at-will employee because his union collective bargaining contract fails to specify a term of employment, and further lacks specific language limiting the employer's discharge rights to instances in which it can demonstrate "just cause".

We reject Egan's argument. The collective bargaining agreement grants non-probationary union employees such as Egan job protection during the three-year term of the union contract by providing "continued employment" of union members (Article II); protection against "lockouts" (Article VII, Section 1); seniority rights relating to filling vacancies, job creations, decreases in force, layoffs and rehiring after layoffs (Article VIII); wage protections and other benefits (Article XI, XII); and procedures for employees to grieve alleged violations by Wells Fargo of its obligations under the agreement (Article XIII). Moreover, Article XV impliedly contrasts the contract rights of non-probationary employees with those of probationary employees. The employer has the right to discharge probationary employees "with or without cause"; probationary employees cannot avail themselves of Article XIII grievance procedures. While the agreement does not contain an explicit "just cause" or "good cause" provision, the clear implication of Article XV is that non-probationary union employees, in contrast to probationary employees, may not be terminated at-will or without good cause. Thus, a work-

er's employment appears to continue for the duration of that collective bargaining agreement (a "definite term"), so long as he remains a union member in good standing, and so long as he is not discharged for just cause.

Viewed as a whole, the provisions of the collective bargaining agreement support the district court's conclusion that Egan was a contract employee, not one at-will. Thus, the district court did not err in refusing to give Egan the benefit of the public policy exception.[3]

## III. CONCLUSION

Accordingly, we affirm the judgment of the district court based on its well-reasoned opinion, supplemented by the analysis and authorities cited above.

---

3. We observe that Wells Fargo's attempt to analogize Missouri law to Illinois law, and the company's reliance on *Lamb v. Briggs Manufacturing, a Division of Celotex Corp.*, 700 F.2d 1092 (7th Cir.1983) (state law retaliatory discharge tort limited to at-will employees), is misplaced. Illinois law now appears to permit employees covered under a collective bargaining agreement to bring state law retaliatory discharge claims against employers under certain circumstances. *See Midgett v. Sackett–Chicago, Inc.*, 105 Ill.2d 143, 85 Ill.Dec. 475, 478–79, 473 N.E.2d 1280, 1283–84 (1984) (permitting contract employee to bring tort action against employer for discharge in retaliation for filing of workers' compensation claim), *cert. denied*, 474 U.S. 909, 106 S.Ct. 278, 88 L.Ed.2d 243 (1985); *Driveaway and Truckaway Service, Inc. v. Aaron Driveaway & Truckaway Co.*, 781 F.Supp. 548, 552 (N.D.Ill.1991) (acknowledging *Midgett* 's extension of retaliatory discharge tort beyond at-will employees, but declining to extend rule to agent non-employee). *Midgett* and *Driveaway and Truckaway* explain that extending the public policy exception to cover contract employees serves two distinct purposes: first, it equalizes the rights of contract and at-will employees by permitting contract employees to recover punitive damages to the same extent as at-will employees for the same employer conduct; second, it deters employers, via the threat of punitive damages, from retaliating against *any* employee whose conduct comports with established public policy.

In another recent case the Hawaii Supreme Court determined that the Hawaii Whistleblower's Protection Act (HWPA) protects both unionized contract employees and at-will employees from being discharged in violation of public policy. *Norris v. Hawaiian Airlines, Inc.*, 74 Haw. 235, 842 P.2d 634, 645 (1992), *cert. granted*, ____ U.S. ____, 114 S.Ct. 908, 127 L.Ed.2d 97 (1994). *Norris*, a union airplane mechanic, blew the whistle on what he perceived to be shoddy repair work. After grieving his discharge unsuccessfully, he brought a state tort claim of retaliatory discharge in violation of public policy. The Hawaii Supreme Court determined that federal law did not preempt *Norris'* claim, and held that the HWPA permitted Norris to bring his state tort claim for retaliatory discharge because resolving his claim did not depend on interpretation of the collective bargaining agreement. Of course, *Norris* is distinguishable from the instant case in that Egan cannot point to a *statute* protecting him from discharge.

Though one might agree with the policy analysis of the Illinois courts or favor the statutory protection available in Hawaii, this court is bound by Missouri case law which permits only at-will employees to bring retaliatory discharge actions under the public policy exception such as discussed here.