**Debra D. HILL and James E. Hill,**
**Plaintiffs–Appellants,**

v.

**William J. KLONTZ, M.D.,**
**Defendant–Respondent.**

No. 19903.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 12, 1995.

Motion for Rehearing or Transfer
Denied Nov. 3, 1995.

---

William J. Fleischaker, Roberts, Fleischaker, Williams, Wilson & Powell, Joplin, for appellants.

Karl Blanchard, Jr., John Mollenkamp, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, for respondent.

FLANIGAN, Judge.

On June 16, 1994, plaintiffs Debra Hill and James Hill, her husband, brought this action against defendant William J. Klontz, M.D., seeking damages for injuries allegedly sustained by Debra Hill as a result of the negligence of defendant, her physician. On motion of defendant, the trial court dismissed the action on the ground that it was not brought within the two-year limitation period prescribed by § 516.105.[1] Defendant's motion cited the statute and stated that "the last care and treatment rendered by this defendant to plaintiff was June 15, 1992." Plaintiffs appeal.

■ The duty of this court to dispose of the case on its merits presupposes a record and evidence upon which the court can act with some degree of confidence and accuracy as to its conclusions. *Belleville v. Director of Revenue*, 825 S.W.2d 623, 625[5] (Mo.banc 1992). "When a record is so obscure and ambiguous that the court cannot ascertain what final judgment would be just because it is impossible to determine what principles of law are applicable, then the case should be remanded for an appropriate presentation of the facts." *Id.* [6]. For the reasons which follow, this court agrees with plaintiffs that the trial court erred in sustaining defendant's motion to dismiss.

■ With exceptions not applicable here, § 516.105 reads, in pertinent part: "All actions against physicians ... for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of...."

■ Section 516.105 "does not begin to run against a plaintiff until the defendant ceases to treat the injury caused by the act of neglect, and subsequent treatment serves to toll the statute of limitations." *Thompson v. Volini*, 849 S.W.2d 48, 50[1] (Mo.App. 1993). See *Green v. Washington University Med. Ctr.*, 761 S.W.2d 688, 689[2] (Mo.App. 1988) ("[L]imitations does not begin to run against plaintiff patient until treatment by the medical defendant ceases.") See also 80 A.L.R.2d 368 (When statute of limitations commences to run against malpractice action against a physician.)

The petition, which was accompanied by the affidavit required by § 538.225, alleged: Plaintiff Debra Hill became the patient of defendant on November 6, 1991; the doctor-patient relationship continued up to and including June 26, 1992; during that period defendant treated plaintiff Debra Hill with Dexidrene; such treatment was negligent in that defendant failed to exercise that degree of skill and learning used by other members of the defendant's profession under the same or similar circumstances; defendant's treatment with Dexidrene constituted negligence for five specified reasons; as a direct result of defendant's negligence, both plaintiffs sustained damages.

Defendant's motion to dismiss was accompanied by his affidavit, in which he stated that Debra Hill was his patient up to and including June 15, 1992, but that after June 15, 1992, he did not render "any medical care, treatment, advice or continuing care of any kind" to Debra Hill. The affidavit also stated: "[A] true and accurate copy of plaintiff's (sic) office file and medical records on Debra Hill are attached hereto, marked as Exhibit A, and made a part hereof."

Exhibit A consists of 16 pages, including: a statement of Debra Hill's account; correspondence from plaintiffs' attorney to defendant; a medical authorization; unidentified

---

1. All references to statutes are to RSMo 1994, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

"progress notes"; a letter from defendant directed "To whom it may concern" and dated July 26, 1992, in which defendant states: "Debra Hill has been under my care since December, 1991 for a very serious and persistent depressive disorder. At the present time she is taking the following medications from me ... Dexidrene"; portions of a hospital record; and a health insurance claim form.

In response to defendant's motion, plaintiffs filed a set of suggestions and the deposition of defendant.

After a hearing on the motion, the court entered the following order: "The court sustains defendant's motion to dismiss for the reason that plaintiffs' petition is barred by the statute of limitations, § 516.105 RSMo 1986, for the reason that the last care and treatment rendered by defendant was on June 15, 1992, and this case was not filed until June 16, 1994."

In *In re Iris C. Brown Trust*, 873 S.W.2d 676, 678[2, 3] (Mo.App.1994), the court said:

"[B]ar of a statute of limitations is an affirmative defense and when a petition does not show on its face that it is barred by limitations, a motion to dismiss should not be sustained. *Lehnig v. Bornhop*, 859 S.W.2d 271, 272 (Mo.App.1993).

.    .    .    .    .

"A motion to dismiss can only be treated as a motion for summary judgment, pursuant to Rule 55.27(a), and matters outside the pleadings considered, when the parties are first notified by the court that it is treating the motion as one for summary judgment, and the parties then afforded the opportunity to present all material pertinent to a motion for summary judgment. *Luethans v. Washington University*, 838 S.W.2d 117, 120–21 (Mo.App.1992) (citations omitted)."

Although defendant's affidavit stated that he did not render any treatment to Debra Hill after June 15, 1992, arguably that statement may be inconsistent with portions of his Exhibit A and his deposition. The record contains no notification by the court to the parties that it was treating the motion as one for summary judgment. The petition does not show on its face that it is barred by limitation.

It may be that, after remand, defendant (or plaintiffs) will see fit to resort to the summary judgment procedure prescribed by Rule 74.04 on the limitations issue. Rule 74.04(c)(1) sets forth strict requirements for the contents of a motion for summary judgment. Rule 74.04(c)(2) authorizes responses to motions for summary judgment, and strict requirements are imposed upon the responses. Judgment in favor of the movant is authorized "*if* a motion for summary judgment and response thereto show that there is no *genuine issue* as to any *material fact* and that the moving party is entitled to a judgment as a matter of law. Rule 74.04(c)(3) (emphasis added).

The briefs of the parties seek to address certain issues, legal and factual, but they do not agree on the material facts. Until this court has "a record and evidence upon which the court can act with some degree of confidence and accuracy as to its conclusions," *Belleville*, at 625[5], the case should be remanded for an appropriate presentation of the facts. *Id.* [6].

This court offers no opinion on whether § 516.105 is a bar to the instant action because it lacks a sufficient record upon which to base such a determination.

The judgment is reversed and the cause remanded.

MONTGOMERY, P.J., and GARRISON, J., concur.