

# Missouri Court of Appeals

## Southern District

### Division One

KEVIN PRENGER,                                      )
                                                   )
        Plaintiff/Appellant,                    )
                                                   )
    vs.                                           )    No. SD33365
                                                   )    Filed: January 27, 2015
THE BOAT STORE, INC.,                              )
d/b/a KELLY'S PORT,                                )
and REGAL MARINE INDUSTRIES, INC.,                 )
                                                   )
        Defendants/Respondents.                 )

### APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable G. Stanley Moore, Circuit Judge

### REVERSED AND REMANDED

Kevin Prenger ("Prenger") appeals the judgment of the trial court sustaining respective motions to dismiss filed by The Boat Store, Inc. d/b/a Kelly's Port ("Kelly's Port "), and Regal Marine Industries, Inc. ("Regal"),[1] and dismissing Prenger's Second Amended Petition. We reverse and remand this matter to the trial court for further proceedings.

### Factual and Procedural Background

On March 1, 2013, Prenger filed this action against Kelly's Port and Regal seeking damages for alleged defects in a boat manufactured by Regal, sold by Kelly's Port, and

---

[1] Collectively referred to as Respondents.

purchased by Prenger. Prenger seeks relief in different counts on different theories of breach of warranty and negligence. After Prenger filed a Second Amended Petition, Kelly's Port and Regal filed separate motions to dismiss asserting Prenger's petition failed to state a cause of action, was barred by the statute of limitations, and that the theories alleged did not plead sufficient causes of action against Kelly's Port. In a judgment entered on April 16, 2014, the trial court sustained both motions to dismiss. Prenger appeals. This Court agrees with Prenger that the trial court erred in sustaining the motions to dismiss filed by Kelly's Port and Regal for the reasons set forth below.

### *Allegations in Prenger's Second Amended Petition*

The Second Amended Petition sets forth five counts by which Prenger seeks relief. Counts I and III seek relief against Regal on breach of warranty claims. Counts II, IV and V seek relief against Kelly's Port alleging breach of express warranty, negligence, and negligent misrepresentation, respectively.

Prenger alleges he purchased this boat "on or about July 26, 2008," from Kelly's Port and that it contained a one-year written warranty to repair all parts found to be defective in materials or workmanship. He then alleges that "shortly after" he bought the boat, he discovered bad parts, and Regal sent him to Kelly's Port for repairs. Repairs were performed and Prenger alleges "at sometime subsequent to March 2, 2009," the boat had "the same defective conditions[,]" and the written warranty required these be remedied.

After Prenger filed his original petition against Kelly's Port and Regal, the docket sheet reflects that motions to dismiss were filed, amended pleadings were filed, and that the trial court ultimately granted Respondents' motions to dismiss Prenger's Second Amended Petition.[2]

---

[2] The only record before us is the docket sheet, the Second Amended Petition, the motions to dismiss and the judgment.

2

### *Statute of Limitations Defense*

Regal's motion to dismiss asserts that the Second Amended Petition fails to state a cause of action upon which relief can be granted against it, and that the limitation in section 400.2-725[3] is a bar to Counts I and III because more than four years had passed since the alleged breach of warranty was discovered and suit was filed. Kelly's Port seeks to dismiss Count II as barred by the statute of limitations, with the same reasoning.

The common fact Respondents assume in their motions to dismiss and brief is that Prenger discovered the defects on July 26, 2008, the date of purchase. Using this assumption, Respondents claim suit was required by July 26, 2012. However, Prenger's Second Amended Petition is unclear on the date or dates the defects were discovered. Giving Prenger's petition its broadest intendment, the allegations also recite that defects were discovered after March 2, 2009. We recognize that the "bar of a statute of limitations is an affirmative defense and when a petition does not show *on its face* that it is barred by limitations, a motion to dismiss should not be sustained." ***In re Iris C. Brown Trust***, 873 S.W.2d 676, 678 (Mo.App. W.D. 1994) (emphasis added); ***Hill v. Klontz***, 909 S.W.2d 725, 727 (Mo.App. S.D. 1995). "The party

---

[3] Section 400.2-725 states:

> (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.
> (3) Where an action commenced within the time limited by subsection (1) is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within six months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute.
> (4) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before July 1, 1965.

All references to statutes are to RSMo 2000, unless otherwise indicated.

asserting the affirmative defense of the running of the applicable statute of limitations has the burden of not only pleading but proving it." ***Lomax v. Sewell***, 1 S.W.3d 548, 552-53 (Mo.App. W.D. 1999).

The Second Amended Petition does not show on its face that the statute of limitations has run. Prenger alleges that the one-year warranty extended until July 25, 2009. Prenger then argues that section 400.2-725 permits a timely filing until July 25, 2013, and that his action was filed March 1, 2013.[4] This Court offers no opinion on whether section 400.2-725 is a bar to the instant action.

### *Sufficiency of Prenger's Pleadings*

The remainder of the motion to dismiss filed by Kelly's Port seeks to dismiss Counts IV and V because the counts fail to state a cause of action upon which relief can be granted against it, and that the pleadings are insufficient to appropriately state a cause of action for negligence and negligent misrepresentation, respectively.

"In determining whether a petition states a claim upon which relief can be granted, we consider only the well pleaded facts of the petition[,]" and give the pleading "its broadest intendment[.]" ***Brown***, 873 S.W.2d at 678.

> A motion to dismiss attacks the plaintiff's pleadings. In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the following standard of review applies:
>
> > A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any

---

[4] Prenger also relies on ***Ouellette v. Clinton Lindberg Cadillac Co.***, 60 S.W.3d 618, 622 (Mo.App. E.D. 2011), that for any defect discovered in the four-year warranty period, a party has four years to bring an action before section 400.2-725 is a bar. Prenger's pleading is unclear on its face regarding the date of discovery of any defects. To the extent that Respondents believe Prenger's petition should recite the timeline of events with more definiteness, Respondents have the option of filing a motion for more definite statement—a motion to dismiss is not ordinarily the avenue to counter a first-blush ambiguity. ***Lick Creek Sewer Systems, Inc. v. Bank of Bourbon***, 747 S.W.2d 317, 325 (Mo.App. S.D. 1988).

4

> facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 463-64 (Mo. banc 2001) (quoting *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993)). Kelly's Port's attack on Count IV in this portion of the motion to dismiss is founded upon the argument that Prenger did not "establish a duty" that existed in Kelly's Port beyond its contractual obligations. Kelly's Port's attack goes beyond our standard of review and examines the sufficiency of what it anticipates the evidence to be as opposed to the test of the adequacy of Prenger's petition. Here, Prenger has specifically alleged that Kelly's Port took possession of the boat with a specific purpose of repairing defective conditions and that Kelly's Port breached that duty. We cannot conclude that the Second Amended Petition is inadequate and that it fails to meet the elements of a recognized cause of action.

Kelly's Port's attack on Count V is similar in that the claim is made that Prenger did not adequately plead that he relied upon representations by Kelly's Port. To the contrary, Prenger specifically alleges that he relied on representations made by Respondents, including Kelly's Port, so that when we consider only the well-pleaded facts in the Second Amended Petition and give it its broadest intendment, we cannot conclude Prenger failed to state a cause of action in this count.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

WILLIAM W. FRANCIS, JR., C.J./P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - Concurs

DANIEL E. SCOTT, J. - Concurs in Part and Dissents in Part, in Separate Opinion

5



# Missouri Court of Appeals

### Southern District

#### Division One

KEVIN PRENGER,                                    )
                                                 )
      Plaintiff/Appellant,            )
                                                 )
    vs.                                       )    No. SD33365
                                                 )
THE BOAT STORE, INC., et al.,                    )
d/b/a KELLY'S PORT,                              )
and REGAL MARINE INDUSTRIES, INC.,               )
                                                 )
      Defendants/Respondents.        )

## OPINION CONCURRING IN PART AND DISSENTING IN PART

I dissent only as to Count IV.[1]  "A number of Missouri decisions have held that recovery in tort for pure economic damages are only limited to cases where there is personal injury, damage to property other than that sold, or destruction of the property sold due to some violent occurrence."  ***Autry Morlan Chevrolet Cadillac, Inc. v. RJF Agencies, Inc.***, 332 S.W.3d 184, 192 (Mo.App. 2010).  With exceptions inapplicable here, "the economic loss doctrine

---

[1] I am skeptical that Count V states a claim, but would give it the benefit of the doubt at the pleading stage since we must reverse and remand anyway.

has been observed to prohibit a plaintiff from seeking to recover in tort for economic losses that are contractual in nature." *Id*. Otherwise, I concur.

DANIEL E. SCOTT, J. – SEPARATE OPINION AUTHOR